NO. 07-02-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2003

_____

PRESTON J. WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439262; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

Pursuant to a plea of *nolo contendere*, appellant Preston J. White was convicted

of committing serious bodily injury to a child with an affirmative finding on use of a deadly

_____

[1]Tex. R. App. P. 47.2(a).

weapon and punishment was assessed at confinement for life. By his notice of appeal, in compliance with former Rule of Appellate Procedure 25.2(b)(3)(B), appellant indicates that he is appealing matters that were raised by pretrial motion and ruled on before the entry of his plea. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant filed a *pro se* response; however, the State did not favor us with a brief.

Appellant was indicted on March 11, 2002, for (1) causing serious bodily injury to a child, (2) murder, and (3) capital murder. In exchange for his plea of *nolo contendere*,

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

appellant was convicted of causing serious bodily injury to a child with an affirmative finding on use of a deadly weapon, and the State dismissed the remaining charges.

Presenting four issues in his *pro se* response to counsel's *Anders* brief, appellant questions whether (1) there is sufficient evidence to support his plea; (2) the trial court had jurisdiction to accept his alleged plea absent a written waiver of trial by jury; (3) the trial court had jurisdiction to enter a finding of guilt upon his plea when he never plead to the indictment or the charges for which he was prosecuted; and (4) the indictment contained those matters essential to the jurisdiction of the trial court. Listed after the prayer are two names and addresses as follows:

> Preston Jerome White
> TDCJ-ID; Apt. No. #1099324
> Wm. G. McConnell Plantation
> 3001 South Emily Drive
> Beeville, Texas 78102
>
> APPELLANT, PRO SE;
>
> Kirk Wayne McBride, Sr.
> TDCJ-ID; Apt. No. #733097
> Wm. G. McConnell Plantation
> 3001 South Emily Drive
> Beeville, Texas 78102
>
> AGENT PROVOCATEUR [3]

---

[3]Agent provocateur means a spy; a secret agent hired to penetrate an organization to gather evidence against its members or to incite trouble. Black's Law Dictionary 64 (6th ed. 1990).

3

The response is not signed and appellant's signature appears only on the certificate of service page. In reviewing the response, the summary of argument commences as follows: "[t]he undersigned agent provocateur in summary argues . . . . Later in the argument, McBride, again representing himself as the "undersigned agent provocateur," indicates that after he performed a complete and thorough review of the record, he concluded that appellant did not sign any waivers that were approved by the trial court.

A person who is not a licensed attorney is not permitted to represent anyone other than himself. 7 Tex. Jur.3d *Attorneys At Law* § 108 (1997). The Texas Legislature mandates that a person who is not a member of the State Bar may not practice law. Tex. Gov't Code Ann. § 81.102(a) (Vernon 1998). However, section 81.102(b) provides that the Supreme Court of Texas may promulgate rules for the limited practice of law by (1) attorneys licensed in another jurisdiction; (2) bona fide law students; and (3) unlicensed graduate students who are attending or have attended a law school approved by the Supreme Court. The Legislature defines the practice of law, among other things, as the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court. § 81.101(a).

McBride has not established that he falls within any of the categories of persons who are permitted to practice law. As such, he had no authority to draft appellant's

4

response to counsel's *Anders* brief.  Thus, we strike the response and consider only the arguable issues presented by counsel.  *See* Jimison By Parker v. Mann, 957 S.W.2d 860, 861 (Tex.App.–Amarillo 1997, no writ) (per curiam); *see also* Magaha v. Holmes, 886 S.W.2d 447, 448 (Tex.App.–Houston [1st Dist.] 1994, no writ); *cf*. Tex. Code Crim. Proc. Ann. art. 11.13 (Vernon 1977) (providing that a petition for a writ of habeas corpus may be signed by any person) and Thomas v. Estelle, 603 F.2d 488 (5th Cir. 1979) (per curiam) (noting that "jail-house lawyer" may assist fellow prisoners in filing initial papers in habeas corpus action).

By the *Anders* brief counsel presents four arguable issues questioning whether (1) the indictment sufficiently stated an offense giving rise to the trial court's jurisdiction; (2) the trial court erred in refusing to recuse itself from conducting a hearing on whether to quash defense subpoenas to state prosecutors; (3) the trial court abused its discretion in ordering that appellant's counsel be permitted to interview a minor witness only in the presence of that witness's attorney ad litem after notifying a representative of the State; and (4) appellant's plea of *nolo contendere* was free, knowing, and voluntary, whether he was admonished as required by law, whether the evidence is sufficient to support his conviction, and whether the punishment imposed comports with the requirements of law. However, after a discussion of the underlying proceedings and citation to legal authorities, counsel concedes that no reversible error is presented.

5

The presentment of an indictment to a court invests the court with jurisdiction of the cause. Tex. Const. art. V, § 12(b). The requisites of an indictment are set forth in article 21.02 of the Texas Code of Criminal Procedure, and the indictment charging appellant contains all the required information. Thus, we agree with counsel that the indictment is sufficient to vest the trial court with jurisdiction.

Appellant's trial counsel issued *subpoenas duces tecum* for numerous prosecutors throughout the State to testify regarding their criteria for seeking the death penalty. After various motions to quash were filed, appellant moved to recuse the trial court from hearing the motions. After a brief hearing on March 19, 2002, the request to recuse was denied and the trial court rendered an order quashing all *subpoenas.* As counsel points out by his second arguable issue, appellant plead to a non-capital offense and the death penalty became moot. Thus, no reversible error is presented in the trial court's denial of the motion to recuse himself from the hearing on the motions to quash.

As a third arguable issue, counsel alleges the trial court abused its discretion by ordering that trial counsel be permitted to interview a child witness only in the presence of his attorney ad litem. The child, the victim's sibling, approximately three years old when he witnessed appellant strike the victim, was removed from the home by child protective services following the incident. At a hearing on the defense's ex parte motion to compel

6

Children's Protective Services to produce the child witness, upon realizing the witness's age, the trial court required that an attorney ad litem be present during the interview and that the State be made aware of the interview. Upon defense counsel's objection that the State not be present during the interview where possible defensive theories might be disclosed, the court agreed and only required that the attorney ad litem be present. We conclude, as does counsel, that no error is presented for review in the trial court's decision to require the presence of an attorney ad litem because appellant entered into a plea bargain and the minor child was not a witness against him.

By his fourth arguable issue, counsel presents multifarious contentions regarding the voluntariness of appellant's plea, admonishments, sufficiency of the evidence, and punishment issues. Voluntariness of a plea from a plea-bargained felony conviction is not reviewable on appeal. Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001). The remaining contentions are also not appealable under appellant's notice of appeal by which he specified that he wished to "appeal nonjurisdictional defects occurring prior to entry of the plea and these matters were raised by written motion and ruled upon before trial." Thus, we agree with counsel that no reversible error is presented by these contentions.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel

7

that the appeal is frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.