Jesse James **MAGAHA, Relator,**

v.

**John B. HOLMES, Jr., Respondent.**

**No. 01–94–00779–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1994.

Elissa Magaha, Spring, for appellant.

John B. Holmes, Jr., Houston, for appellees.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

PER CURIAM.

The relator, Jesse James Magaha, has filed a motion for leave to file petition for writ of mandamus. He asks that we compel the respondent, the Harris County District Attorney, to hand over certain "documents and information" that relate to the relator's convictions of sexual assault and burglary.

■ Courts have the inherent power to inquire into the qualifications of those persons practicing law therein. *Martinez v. State,* 167 Tex.Crim. 97, 318 S.W.2d 66, 71 (1958). "This power is essential to the fair administration of justice and an orderly discharge of the judicial function." *Id.* With this in mind, we note that the relator is represented in this mandamus proceeding by his mother, Elissa Magaha, whom the relator has designated his "authorized representative." She is not an attorney (and does not hold herself out to be).

■ In representing the relator, Elissa Magaha is engaged in the "practice of law" as our legislature has defined that term. *See* Tex.Gov't Code Ann. § 81.101 (Vernon 1988) ("[T]he 'practice of law' means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in a court...."). Because she is not a member of the state bar and does not fit within the categories of persons for whom the supreme court may promulgate rules allowing a limited practice of law, she is not authorized to represent the relator. Tex.Gov't Code Ann. § 81.102 (Vernon 1988).

Strong public policy considerations support our disallowance of Elissa Magaha's representation of the relator:

> The controlling purpose of all laws, rules, and decisions forbidding unlicensed persons to practice law is to protect the public against persons inexperienced and unlearned in legal matters from attempting to perform legal services. The objective is to protect the public against injury from acts or services, professional in nature, deemed by both the legislature and the courts to be the practice of law, done or performed by those not deemed by law to be qualified to perform them.

*Brown v. Unauthorized Practice of Law Comm.,* 742 S.W.2d 34, 41–42 (Tex.App.—Dallas 1987, writ denied) (citations omitted) (considering Tex.Rev.Civ.Stat.Ann. art. 320a–1, § 19(a) (Vernon Supp.1987), since repealed, whose subject matter is now addressed in section 81.101). The legislature's mandate against laymen practicing law is in the interest of the public welfare; it is for the public's benefit and protection.

■ Because the relator's motion for leave to file petition for writ of mandamus was filed by someone not authorized to do so, we

necessarily overrule it. For us to consider the motion would mean treating the legislature's prohibition as essentially meaningless.[1]

---

1. That Elissa Magaha is not being compensated in any fashion for her services does not matter. The issue of compensation is not a factor in section 81.102.