NO. 07-04-0598-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 1, 2005

_____

ARTHUR RAY WILLIAMS, APPELLANT

V.

REGIONAL ISLAMIC CHAPLAIN TALIB, ET AL., APPELLEES

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 48692-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Arthur Ray Williams an inmate proceeding *pro se* and *in forma pauperis*, initiated legal action on July 3, 2000, against appellees for, among other causes, civil rights violations. Williams filed and signed numerous pleadings; however, as early as September 14, 2000, inmate Herbert Feist began signing pleadings for Williams. On December 6,

2004, this Court received a notice of appeal signed by Feist complaining of the trial court's order of dismissal for want of prosecution dated August 18, 2004. On December 27, 2004, this Court received a letter from Feist referencing a second attempt to appeal. This Court notified Feist by letter dated January 5, 2005, that the notice of appeal appeared untimely and requested a response. Feist responded insisting that a timely notice had been filed on November 8, 2004. For the reasons expressed herein, we affirm the trial court's order of dismissal.

A review of the clerk's record filed on January 5, 2005, does not contain a notice of appeal allegedly filed on November 8, 2004. However, it does contain a notice of appeal signed by Williams and filed on February 13, 2003, complaining of the trial court's order to appear on January 24, 2003, noting that failure to appeal would result in dismissal. Rule 27.1(a) of the Texas Rules of Appellate Procedure provides that a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal. Thus, we conclude our jurisdiction was invoked by Williams's premature notice.

This appeal is now being pursued by Feist. A person who is not a licensed attorney is not permitted to represent anyone other than himself. 7 Tex. Jur.3d *Attorneys At Law* § 108 (1997). The Texas Legislature mandates that a person who is not a member of the State Bar may not practice law. Tex. Gov't Code Ann. § 81.102(a) (Vernon 1998). However, section 81.102(b) provides that the Supreme Court of Texas may promulgate

2

rules for the limited practice of law by (1) attorneys licensed in another jurisdiction; (2) bona fide law students; and (3) unlicensed graduate students who are attending or have attended a law school approved by the Supreme Court. The Legislature defines the practice of law, among other things, as the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court. § 81.101(a).

On March 19, 2001, Feist filed a motion to intervene in Williams's suit contending he was a necessary party as the unit Islamic leader. However, there is no order from the trial court granting his request. Feist has not demonstrated he was a party to the underlying case nor that he falls within any of the categories of persons who are permitted to practice law. As such, he has no authority to pursue this appeal on Williams's behalf. *See* Jimison by Parker v. Mann, 957 S.W.2d 860, 861 (Tex.App.–Amarillo 1997, no writ) (per curiam); *see also* Magaha v. Holmes, 886 S.W.2d 447, 448 (Tex.App.–Houston [1st Dist.] 1994, no writ); *cf.* Tex. Code Crim. Proc. Ann. art. 11.13 (Vernon 1977) (providing that a petition for a writ of habeas corpus may be signed by any person).

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice