NO. 07-04-0598-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 1, 2005



______________________________




ARTHUR RAY WILLIAMS, APPELLANT



V.



REGIONAL ISLAMIC CHAPLAIN TALIB, ET AL., APPELLEES




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 48692-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Arthur Ray Williams an inmate proceeding pro se and in forma pauperis,
initiated legal action on July 3, 2000, against appellees for, among other causes, civil rights
violations. Williams filed and signed numerous pleadings; however, as early as September
14, 2000, inmate Herbert Feist began signing pleadings for Williams. On December 6,
2004, this Court received a notice of appeal signed by Feist complaining of the trial court's
order of dismissal for want of prosecution dated August 18, 2004. On December 27, 2004,
this Court received a letter from Feist referencing a second attempt to appeal. This Court
notified Feist by letter dated January 5, 2005, that the notice of appeal appeared untimely
and requested a response. Feist responded insisting that a timely notice had been filed on
November 8, 2004. For the reasons expressed herein, we affirm the trial court's order of
dismissal.

 A review of the clerk's record filed on January 5, 2005, does not contain a notice of
appeal allegedly filed on November 8, 2004. However, it does contain a notice of appeal
signed by Williams and filed on February 13, 2003, complaining of the trial court's order to
appear on January 24, 2003, noting that failure to appeal would result in dismissal. Rule
27.1(a) of the Texas Rules of Appellate Procedure provides that a prematurely filed notice
of appeal is effective and deemed filed on the day of, but after, the event that begins the
period for perfecting the appeal. Thus, we conclude our jurisdiction was invoked by
Williams's premature notice. 

 This appeal is now being pursued by Feist. A person who is not a licensed attorney
is not permitted to represent anyone other than himself. 7 Tex. Jur.3d Attorneys At Law
§ 108 (1997). The Texas Legislature mandates that a person who is not a member of the
State Bar may not practice law. Tex. Gov't Code Ann. § 81.102(a) (Vernon 1998). 
However, section 81.102(b) provides that the Supreme Court of Texas may promulgate
rules for the limited practice of law by (1) attorneys licensed in another jurisdiction; (2) bona
fide law students; and (3) unlicensed graduate students who are attending or have attended
a law school approved by the Supreme Court. The Legislature defines the practice of law,
among other things, as the preparation of a pleading or other document incident to an
action or special proceeding or the management of the action or proceeding on behalf of
a client before a judge in court. § 81.101(a).

 On March 19, 2001, Feist filed a motion to intervene in Williams's suit contending
he was a necessary party as the unit Islamic leader. However, there is no order from the
trial court granting his request. Feist has not demonstrated he was a party to the
underlying case nor that he falls within any of the categories of persons who are permitted
to practice law. As such, he has no authority to pursue this appeal on Williams's behalf.
See Jimison by Parker v. Mann, 957 S.W.2d 860, 861 (Tex.App.-Amarillo 1997, no writ)
(per curiam); see also Magaha v. Holmes, 886 S.W.2d 447, 448 (Tex.App.-Houston [1st
Dist.] 1994, no writ); cf. Tex. Code Crim. Proc. Ann. art. 11.13 (Vernon 1977) (providing
that a petition for a writ of habeas corpus may be signed by any person).

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 



" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00457-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
16, 2010

 



 

VANESSA ORNELAS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,409-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On June
10, 2010, appellant, Vanessa Ornelas, was convicted
of committing the offense of possession of a controlled substance with intent
to deliver in a drug-free zone, and sentenced to incarceration in the Texas
Department of Criminal Justice, Institutional Division, for a period of five
years.  On November 4, 2010, appellant
filed her notice of appeal with the trial court.[1]  We dismiss for want of jurisdiction.

Unless a
defendant timely files a motion for new trial, a defendant must file a written
notice of appeal with the trial court clerk within 30 days after the date
sentence is imposed.  Tex. R. App. P. 26.2(a).  Therefore, appellants notice of appeal was
due on July 12, 2010.  Because
appellants notice of appeal was filed 114 days after it was due, this Court is
without jurisdiction over this appeal.  See
Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to
address the merits of this appeal, we have no authority to take any action
other than to dismiss the appeal.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly,
the purported appeal is dismissed for want of jurisdiction.[2]

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.

 











[1] Appellant filed a letter addressed
to the Honorable Don R. Emerson that indicates that appellant desires to appeal
and that complies with the requirements of a notice of appeal.  See Tex.
R. App. P. 25.2(c).  This Court has deemed this letter to be a
notice of appeal.





[2]
Appellant may have recourse by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of an out-of-time appeal.  See Tex.
Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2010).