Opinion Issued February 19, 2009









Opinion Issued February
19, 2009

 

 

 

 

                                                                        

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00644-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MAE HELEN MCCRIMMON AND LULA MAE CRETON, Appellants

 

V.

 

BARRON TAYLOR D/B/A B-SURE MORTGAGE, CARRINGTON
MORTGAGE SERVICES, CHASE BANK, U.S. NATIONAL BANK AS TRUSTEE, WELLS FARGO BANK,
HOMEEQ SERVICING CENTER, EMC MORTGAGE CORP., MORTGAGE INVESTMENT LENDING
ASSOCIATION, CIT GROUP, Appellees

 

 



On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2008-29220

 








 



MEMORANDUM OPINION

          Purportedly acting as next
friends for Mae Helen McCrimmon and Lula Mae Creton, Karita Greene and Al
McZeal sued Barron Taylor d/b/a/ B-Sure Mortgage, Carrington Mortgage Services,
Chase Bank, U.S. National Bank, Wells Fargo Bank, HomeEQ Servicing Center, EMC
Mortgage Corporation, Mortgage Investment Lending Association, and CIT Group,
alleging $68,000,000 in damages stemming from alleged mortgage fraud.  Neither
Greene nor McZeal is an attorney, and they did not engage an attorney to
prosecute their claims, but instead chose to represent themselves pro se.  The
trial court dismissed the case because Greene and McZeal are not authorized to
act pro se as next friends.  Greene and McZeal appeal, contending that the trial
court erred in dismissing the case because: (1) though Greene and McZeal are
not attorneys, they had a right to proceed pro se on behalf of others under
Rule 44 of the Texas Rules of Civil Procedure, and Greene’s affidavit
sufficiently establishes McCrimmon and Creton as incompetent; (2) the case is
not a groundless action; (3) dismissal is prejudicial to McCrimmon and Creton’s
right to a jury trial; (4) a default judgment was appropriate against Barron
Taylor and Mortgage Investment Lending Association because the parties failed
to appear; and (5) the trial court failed to award sanctions requested by
Greene and McZeal for failure of one party to serve all parties.  We hold that
Greene and McZeal cannot sue as pro se “next friends” on behalf of adults who
have never been declared incompetent, and we therefore affirm the trial court’s
dismissal of the case.  Because our holding disposes of the case on the first
issue, we need not address any of the appellants’ other asserted errors.

 Background

According to Greene and
McZeal, at the time they filed suit, Lula Mae Creton was age ninety-six, and
her daughter Mae Helen McCrimmon was over age seventy-one.  Greene is
McCrimmon’s daughter and Creton’s granddaughter.  Al McZeal lives down the
street from Greene and claims to be a close family friend.  Greene and McZeal
allege that Barron Taylor, doing business as B-Sure Mortgage, engaged in a scam
that resulted in false mortgages, indebting the elderly women.  No other
substantive facts are included in Green and McZeal’s appellate brief or
petition in their suit.  

After being served with
process and answering the suit, defendants Carrington Mortgage Services, Wells
Fargo Bank, and the CIT Group moved to require that Greene and McZeal show
their authority to bring this action, and to dismiss the case because Greene
and McZeal lack standing to sue as next friends because neither McCrimmon nor
Creton had been adjudged incompetent, and neither Greene nor McZeal are
attorneys who could prosecute a lawsuit on another’s behalf.  After a hearing
on the motions, the trial court dismissed the case without prejudice to
refilling it.

Discussion

Texas Rule of Civil
Procedure 44 allows for “minors, lunatics, idiots, or persons non compos mentis
who have no legal guardian” to sue and be represented by a “next friend.”  Tex. R. Civ. P. 44.  Rule 44 of the
Texas Rules of Civil Procedure, however, does not vitiate Section 81.102 of the
Texas Government Code and allow unlicensed persons to practice law through
appointment as next friend.  Jimison v. Mann, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ).  Rather, persons must be members of the state bar to
practice law in Texas on behalf of others.  Tex.
Gov’t Code Ann. § 81.102(a) (Vernon 2005).  The Supreme Court may
promulgate rules allowing others to practice law in Texas, but that power is
limited to the practice by 1) attorneys licensed in foreign jurisdictions, 2)
bona fide law students, and 3) unlicensed graduate students who attend or
attended a law school approved by the Supreme Court.  Tex. Gov’t Code Ann. § 81.102(b) (Vernon 2005).

Neither Greene nor McZeal
is a licensed attorney, but they attempt to prosecute this lawsuit pro se on
behalf of McCrimmon and Creton.  They urge that Rule 44 does not provide for a
procedure for appointing a next friend and does not require a next friend to be
an attorney, and thus they should be allowed to act as next friends.  They rely
on Saldarriaga v. Saldarriaga, 121 S.W.3d 493, 498 (Tex. App.—Austin
2003, no pet.) for this proposition.  However, in Saldarriaga, the court
of appeals held that the proper method of appointment for a next friend to
another adult is to follow the same procedure for the appointment of a guardian
ad litem, set forth in Texas Rule of Civil Procedure 173.  Id. at 499; Tex. R. Civ. P. 173.  In addition, the
Probate Code provides a procedure for establishing a guardianship.  See Tex. Prob. Code Ann. § 682–687
(Vernon 2003).  In this case, the court never appointed Greene and McZeal as
next friends.  The only evidence that Greene and McZeal offered in support of
their status as next friends was Greene’s affidavit stating that McCrimmon and
Creton were elderly, infirm, and suffered from mental problems.  This is
insufficient evidence to support an appointment of next friend.  See
Saldarriaga, 121 S.W.3d at 500 (noting that such an appointment requires
proof from a qualified healthcare provider that a person’s physical or mental
state impairs the ability to make or communicate responsible decisions in the
suit).  Based on this record, we hold that Greene and McZeal may not properly
prosecute the case as next friends of McCrimmon and Creton.

Moreover, Greene and
McZeal are not attorneys and may not act as attorneys on behalf of others
because they are not licensed by the State Bar of Texas.  Jimison, 957
S.W.2d at 861 (holding that the rabbi/reverend who purported to act as next
friend of the plaintiff could not act as legal counsel because he was not
licensed to practice law); Magaha v. Holmes, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (holding that the plaintiff’s mother could not
act as his attorney because she was not licensed to practice law); Martin v.
Commercial Metals Co., 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.)
(holding that one appellant could not represent other appellants, who were
minors at the time of filing, pro se, because he was not a licensed attorney). 
Greene and McZeal have signed and filed pleadings, motions, and other legal
documents involved in this case in both the trial court and this court.  They
also purported to represent McCrimmon and Creton at a hearing.  These acts
constitute the unauthorized practice of law.  See Tex. Gov’t Code Ann. § 81.101
(Vernon 2005) (“[T]he ‘practice of law’ means the preparation of a pleading or
other document incident to an action or special proceeding or the management of
the action or proceeding on behalf of a client before a judge in a court. . .
.”); Magaha, 886 S.W.2d at 448.  Accordingly, we hold that the trial
court properly dismissed this suit because Greene and McZeal are not proper
next friends and may not act pro se to represent others.[1]     


Conclusion

We affirm the trial
court’s dismissal of the case.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

 









[1] The trial court dismissed the case without prejudice,
and suggested that McCrimmon and Creton should seek the assistance of an
attorney if they had valid claims.  Thus, any right to file a proper suit on
these claims is preserved.