NO. 07-09-0113-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 8, 2009

_____

IN RE HARVEY BRAMLETT, JR., RELATOR[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On April 6, 2009, Relator, Harvey Bramlett, Jr., proceeding pro se and in forma pauperis, filed a Petition for Writ of Mandamus seeking to compel the Honorable Abe Lopez, Respondent, to rule on certain matters pending in the 108th District Court of Potter County. By Order of Abatement dated April 30, 2009, this Court took judicial notice of the fact that Judge Lopez had retired and had been succeeded by the Honorable Douglas Woodburn. Per Rule 7(a) of the Texas Rules of Appellate Procedure, this Court

---

[1]By his Amended Petition for Writ of Mandamus, Bramlett has also listed Jason Blakeney as a relator. However, a person who is not a licensed attorney is not permitted to represent anyone other than himself. *See* 7 Tex. Jur. 3d *Attorneys At Law* § 111 (2009). *See also Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex.App.–Houston [14th Dist.] 1994, no writ). Bramlett has not shown that he is qualified to represent Blakeney; nor has Blakeney shown that he is qualified to represent Bramlett, thus, Blakeney will not be considered a party to this proceeding.

substituted Judge Woodburn as Respondent and abated the mandamus proceeding for sixty days to allow Relator to present his motions to Judge Woodburn.

By letter dated June 15, 2009, Relator notified this Court that he had resubmitted his "request made the subject of his Petition for Writ of mandamus" to the trial court on May 11, 2009, but that "said judge ha[d] yet to issue a ruling . . . ." Relator did not include the specifics of his request in his letter. On June 30, 2009, Relator filed his "AMENDED PETITION FOR WRIT OF MANDAMUS" in compliance with Rule 52.3 seeking to compel Judge Woodburn to rule on the motion pending in Cause No. 0970915-00-E, styled *Harvey Bramlett v. Texas Dept. Crim. Justice* by which he seeks:

- to disqualify counsel;
- to strike pleadings;
- sanctions; and
- to hold the Attorney General in contempt.

A duplicate of the motion was included as an exhibit to Relator's petition. Although it does not bear a file stamp, it is dated February 19, 2009, and also reflects a resubmission date of May 11, 2009. By his prayer for relief, Relator requests this Court order Judge Woodburn to "Rule – and Grant the motion to disqualify . . . and such other and necessary relief to which entitlement is obviously shown."

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*,

2

827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must (1) show that he has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007); *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). A relator must also demonstrate entitlement to mandamus relief by showing (1) a legal duty to perform; (2) a demand for performance; and (3) refusal of that demand. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). The trial court has, however, a reasonable time within which to perform its ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding).

3

The party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). The record must show that the motion of which Relator complains was presented to the trial court and that it refused to act. *See generally In re Villareal*, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, orig. proceeding) (filing something with the district clerk does not demonstrate that a motion was presented to the trial court). *See also In re Chavez*, 62 S.W.3d 225, 228 (Tex.App–Amarillo 2001, orig. proceeding). Therefore, "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2, (Tex.App.–Amarillo January 14, 2008, original proceeding) (citations omitted) (not designated for publication).

According to Relator's correspondence of June 15, 2009, and his amended petition filed on June 30, 2009, he resubmitted his motion to the trial court on May 11, 2009. Assuming, *arguendo*, that the motion was brought to the attention of the trial court on that date, we decline to hold that two months constitutes an unreasonable delay in which to perform a ministerial duty. We conclude Relator has not satisfied his burden to provide a sufficient record demonstrating that a properly filed motion has awaited disposition for an unreasonable length of time nor that the trial court has refused to perform a ministerial duty. The record does not show an abuse of discretion or the violation of a duty imposed by law.

Additionally, we note that Relator seeks to compel Judge Woodburn to "grant" his motion to disqualify. The trial court, however, has no ministerial duty to "rule a certain way on that motion." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d at 210. Deciding *how* to rule is not a ministerial act and is beyond the scope of extraordinary relief. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim.App. 1987). As such, we have repeatedly held that we may not direct a trial court's decision on a matter pending before it. *See, e.g., In re Duffy,* No. 07-09-0090-CV, 2009 WL 1066088, at \*2, 2009 Tex. App. Lexis 2738, at \*4-5 (Tex.App.–Amarillo Apr. 20, 2009, original proceeding) (mem. op.) (citing cases). *Accord In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, orig. proceeding) ("[w]hile we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be.") This rule is applicable to Relator's request.

For the reasons we have stated, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice

5