Opinion issued May 3, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00545-CV

———————————

Tony Cantu, Appellant

V.

Jack Seeman, Appellee

****

Jack seeman, Appellant

V.

tony cantu
and elsa cantu,
Appellees



 



 

On Appeal from the 80th District Court 

Harris County, Texas



Trial Court Case No. 2007-53626

 



 

 

MEMORANDUM OPINION

          After
a jury trial in this dispute between neighbors in a condominium complex, the
trial court granted a take nothing judgment for one neighbor and reduced the
damages awarded to the other.  Both
neighbors appeal.  We affirm.

BACKGROUND

          On
March 9, 2007, Tony Cantu filed suit in County Court against his neighbor, Jack
Seeman, alleging intentional infliction of emotional distress, libel and
slander, sexual harassment, stalking, assault, conspiracy, and malicious
prosecution.  The crux of Cantu’s
allegations against Seeman was that Seeman was obsessed with Cantu’s wife,
Elsa, that he stalked her, harassed her by giving her gifts, and spied on
her.  Cantu further alleged that as a
result of this obsession, Seeman hated Cantu and made false reports to the
police about him, threatened him, and damaged his property.

          Cantu’s
petition alleges that the plaintiffs are Tony Cantu and Elsa Cantu, but the
petition is signed only by Tony.  The
petition, however, incorporates by reference an affidavit by Elsa, which is
attached to the petition.  In the
affidavit, Elsa states, “I am the Plaintiff,” and alleges that “due to
[Seeman’s] actions I have suffered Slander and Libel, Sexual Harassment and
Stalking, Severe Mental anguish, Loss of society, Loss of earning capacity,
Hurt to Reputation, Personal Humiliation, and Defamation.”  The affidavit, which is attached to and
incorporated by reference in the petition, is signed by Elsa.

          On
April 25, 2007, Tony filed a “Notice of Nonsuit with Prejudice to Refile.”  Again, the non-suit is signed only by Tony,
not Elsa.

          On
April 30, 2007, the trial court signed an order approving the nonsuit.

          On
May 29, 2007, Seeman filed counter-claims against both Cantus and a motion to
transfer the case to the District Court.

          On
June 5, 2007, the County Court granted Seeman’s motion and transferred the case
to the District Court.

          On
August 30, 2007, Elsa and Tony answered Seeman’s counter-claims.  They also filed a motion to reconsider
Seeman’s motion to transfer venue, requesting sanctions, or alternatively, that
all of their claims against Seeman be reinstated.  Thereafter, the Cantus filed several amended
petitions seeking damages from Seeman.

          On
February 9, 2009, the 270th District Court held a jury trial.  The next day, after both parties rested, the
trial court granted a directed verdict against the Cantus on all their
claims.  The jury then returned a verdict
in Seeman’s favor.  The Cantus filed a
Motion for Judgment Notwithstanding the Verdict, which the trial court granted
in part, removing all jury findings against Elsa, and reducing Seeman’s damages
from $625,000 to $300,000.

          On May
1, 2009, the trial court signed a final judgment which provided (1) that the
Cantus take nothing on their claims against Seeman, and (2) that Seeman recover
$300,000, plus interest and costs, from Tony Cantu.

          Tony,
but not Elsa, filed a notice of appeal. 
Seeman also filed a notice of appeal. 
When a complete reporter’s record was not filed, this Court abated the
case to determine whether Cantu timely requested the record and whether he had
failed to pay or make arrangements to pay for any portion of the record. After the
trial court concluded that the failure to provide this Court with a complete
reporter’s record was Cantu’s fault, this Court reinstated the appeal on
December 27, 2011, and issued an order that the case would be considered based
on the partial reporter’s record that was on file with the Court.  The reporter’s record on file with this Court
consists of (1) a transcript from a recusal hearing before Judge Olen Underwood
on November 12, 2009, and (2) a volume of exhibits from the February 2009 jury
trial.  There is no reporter’s record of
the testimony given at the trial.

CANTU’S APPEAL

          Cantu brings 26 issues on
appeal challenging (1) the District Court’s jurisdiction over the case, and (2)
various trial court rulings.

 

 

Jurisdiction

          In his
first issue on appeal, Cantu contends the District Court never had
jurisdiction, thus its judgment is void. 
Specifically, Cantu argues that Elsa was never a party to the suit
because she did not sign the petition, and, as a result, his nonsuit of April
25, 2007, which was approved by the County Court on April 30, 2007, disposed of
all claims then pending in the suit.  As
a result, Cantu argues that the County Court lost plenary power on May 25,
2007, or at the very latest, on May 30, 2007. 
Therefore, Cantu contends that the County Court’s June 5, 2007 order
transferring venue to the District Court was void, and the District Court lacked subject-matter jurisdiction.  In his third issue on appeal, Cantu contends
the trial court erred in overruling his motion for summary judgment, which was
based on the same ground.  Because this
argument hinges on whether Elsa was ever a party to the suit, we address that
issue first.

          Cantu argues that because he is not a
lawyer, he could not represent his wife, and that because she never signed the
Original Petition, she was never a party to the suit.  It is true that Cantu cannot represent his wife unless he is
a member of the State Bar of Texas or otherwise qualifies for the limited
practice of law. See Tex. Gov’t
Code Ann. § 81.102 (Vernon 2005); Magaha v. Holmes, 886 S.W.2d
447, 448 (Tex. App.—Houston [1st Dist.] 1994, no writ).

          However, under the facts of this case,
we conclude that Elsa did in fact represent herself pro se in the filing of the
lawsuit.  While it is true that Elsa did
not sign the petition, she did sign an affidavit attached to the petition in
which she averred, “I am the Plaintiff.” 
And, not only was her affidavit attached to the petition with the
notation “Plaintiff Original Petition” appearing in its lower left corner,
paragraph 8 of the petition provides, “Plaintiff, Mrs. Cantu, attaches Exhibit
2 as her affidavit and fully incorporates it herein by reference in this
petition.”  By signing the affidavit
referring to herself as a Plaintiff, attaching that affidavit to the petition,
and incorporating it by reference into the petition, Elsa has complied with the
requirement that a pro se petition be signed. 
See Tex. R. Civ.
P. 57.  Additionally, a pleading shall not be deemed
defective because of something that can be supplied by an exhibit attached to
and referenced in a petition.  See Tex. R. Civ. P. 57. 
Elsa’s affidavit, which is attached to and incorporated by reference in
the petition, provides her signature, which was missing from the petition
itself.  Thus, we conclude that Elsa was
a party to the lawsuit.

            We next consider what effect Elsa’s
participating in the lawsuit had on the County Court’s plenary power.  Cantu argues that because his nonsuit
disposed of all claims pending at the time it was filed, the trial court lost
plenary power 30 days thereafter, which was several days before it signed the order
to transfer jurisdiction to the District Court. 
Thus, Cantu contends the order transferring jurisdiction was void and
the District Court never acquired subject-matter jurisdiction. 

            However, like the petition, the “Notice of
Nonsuit with Prejudice to Refile” was signed only by Cantu, but not Elsa.  Further, the notice provides, “COMES NOW
Plaintiff, Tony Cantu, and pursuant to Rule 162 of the Texas Rules of Civil
Procedures serves notice on this Court that he is taking a nonsuit . . . on all
claims against Jack P. Seeman[.]”  The
nonsuit does not reference Elsa or her claims at all.  Because Tony cannot represent Elsa, see Magaha,
886 S.W.2d at 448, and the nonsuit he filed does not even purport to do so, it
did not dispose of Elsa’s claims against Seeman.  Because Elsa’s claims remained pending, the
County Court retained plenary power over the suit when it transferred jurisdiction
to the District Court.  Thus, the
transfer provided the District Court with subject-matter jurisdiction.[1]

          We overrule Cantu’s first and third issues
on appeal.

          In issue two, Cantu contends that the
June 5, 2007 order transferring the case to District Court was void.  Specifically, Cantu argues that under Texas
Rule of Civil Procedure 87, he was entitled to 45 days’ notice of a hearing on
a motion to transfer venue.  However,
Rules 86 and 87 apply to motions to transfer venue from one county to
another.  See Tex. R. Civ. P.
86 & 87.  The present case was being
transferred from the County Court to the District court pursuant to Tex. Gov’t Code Ann. § 74.121(b)(1) (Vernon
2011), thus the 45 days’ notice required by Rule 87 is not applicable.

          We overrule Cantu’s second issue on
appeal.

Trial
Court Rulings

      In issues four
through 23, Cantu complains about various trial court rulings and other matters
for which a reporter’s record from the trial are necessary for an adequate
appellate review.  The rules of appellate
procedure state that the court reporter (as opposed to appellant) is
responsible for preparing, certifying, and timely filing the reporter’s record.
Tex. R. App. P. 35.3(b). However,
the reporter’s responsibility is expressly conditioned upon the filing of
notice of appeal, requesting that the reporter’s record be prepared, and paying
for or making arrangements to pay for the reporter’s record. Id. at
35.3(b)(1)-(3); Rodriguez v. State, 970 S.W.2d 133, 135 (Tex. App.—Amarillo
1998, pet. ref’d) (involving the clerk’s record).  If an appellant does not satisfy it by
completing the steps required under rule 35.3(b)(1), (2), and (3), his actions
continue to deny us a sufficient record with which to review his complaints. If
the reporter’s record is absent because the appellant did not satisfy rule
35.3(b), we will not only continue to presume that the missing record supports
the trial court’s determination, but also forego reviewing the dispute as
authorized under appellate rule 37.3(c), which only requires us to “consider
and decide those issues or points that do not require a reporter’s record for a
decision.”

      Nevertheless, in
issue 24, appellant contends that he is not responsible for the lack of a
reporter’s record because “the Court Reporter is in collusion with opposing
counsel and has refused to deliver the trial transcripts although Appellant has
paid for them.”  There is no evidence to
support this statement.

      To resolve the
dispute over the reporter’s record, this Court abated the case to the trial
court with instructions that it determine (1) whether Cantu timely requested a
reporter’s record, (2) whether Cantu failed to pay or make satisfactory
arrangements to pay for any portion of the reporter’s record that he had
requested, and (3) whether Cantu was at fault for the lack of a complete
record.

      On July 18, 2011,
in accordance with this Court’s abatement order, the trial court held a hearing
and filed findings of fact and conclusions of law with this Court.  The trial court concluded that Cantu paid
$3000 for the first day of the trial and the trial exhibits, but he never paid
or made arrangements to pay for the record from the second and third days of
trial, and that he still owed the reporter $4,500 for the remainder of the
record, which she had prepared on an expedited basis.

      Cantu has not
challenged any of the findings made by the trial court.

      Because Cantu has
not provided the Court with a complete reporter’s record, we will presume that
the missing portions of the record support the trial court’s determination, and
will only “consider and decide those issues or points that do not require a
reporter’s record for a decision.” 
Because issues four through 23 require a reporter’s record, which we do
not have, they are overruled.  We also
overrule issue 24 regarding the court reporter’s “refusal” to deliver the
record.

Issues
Related to Turnover Order

On August 10, 2009, Seeman moved for post-judgment relief
under the Texas Turnover Statute, and apparently, a hearing was held on his
motion on August 14, 2009.  In issues 25
and 26, Cantu complains that he did not receive notice of the hearing and that
the turnover was erroneously granted ex parte. 

However, due process does not require that a complainant who
has been granted an opportunity to be heard and has had his day in court
should, after a judgment has been rendered against him, have further notice and
hearing before supplemental proceedings are taken to reach his property in
satisfaction of the judgment against him. See Endicott–Johnson Corp.
v. Encyclopedia Press, Inc.,
266 U.S. 285, 288, 45 S. Ct. 61, 62–63 (1924); In re Guardianship of Bays, 355 S.W.3d 715, 720 (Tex. App.—Fort
Worth 2011, no pet.). The turnover statute itself does not require notice and a
hearing. See Tex. Civ. Prac.
& Rem. Code Ann. § 31.002; Sivley v. Sivley, 972 S.W.2d 850,
861 (Tex. App.—Tyler 1998, no pet.).  In
the absence of a statutory requirement, it is not essential that a complainant
be given notice before the issuance of an execution against his tangible
property; after the rendition of the judgment, he must take notice of what will
follow, no further notice being necessary to advance justice. Endicott–Johnson
Corp, 266 U.S. at 288, 45 S. Ct. at 62–63; In re Guardianship of Bays, 355 S.W.3d at 720.

We overrule issues 25 and 26.

SEEMAN’S APPEAL

          In four issues on appeal,
Seeman contends that the trial court erred in (1 & 2) granting JNOV as to
the liability and damage findings against Elsa Cantu, (3) granting JNOV and eliminating the damages awarded to him for
loss of future reputation and past mental anguish, and (4) refusing to submit
his requested jury questions on exemplary damages.  In each of these points, Seeman is the
appellant because he is “a party who seeks to alter the trial court’s
judgment.  See Tex. R. App. P.
25.1(c).

          An appellant bears the burden to bring forward an appellate
record that enables the appellate court to determine whether appellant’s
complaints constitute reversible error. See Enter. Leasing of Houston v.
Barrios, 156 S.W.3d 547, 549 (Tex. 2004) (per curiam); Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (stating
that burden is on appellant to present sufficient record to show error requiring reversal).
If the appellant desires a reporter’s record on appeal, he must request the court
reporter to prepare the record and arrange for payment of the reporter’s fee
for doing so. See Tex. R. App. P.
35.3(b). The request must designate the exhibits to be included and be filed
with the trial court. Tex. R. App. P.
34.6(b). When, as here, the issues on appeal necessarily involve consideration
of evidence omitted from the appellate record, we must presume the missing evidence
supports the trial court’s ruling. See Barrios, 156 S.W.3d at 550; Willms
v. Ams. Tire Co., Inc., 190 S.W.3d 796, 806 (Tex. App.—Dallas 2006, pet.
denied) (evidence presumed to be sufficient to support trial court’s order when
appellant fails to bring reporter’s record). Issues depending on the state of
the evidence cannot be reviewed without a complete record, including the
reporter’s record. See Favaloro v. Comm’n for Lawyer Discipline, 994
S.W.2d 815, 820–21 (Tex. App.—Dallas 1999, pet. stricken). If the appellant
fails to bring forward a complete record, the court will conclude he has waived
issues dependent on the state of the evidence. Id.

          While
it is true that Cantu paid only for a portion of the record, Seeman had an
independent duty to provide a record to support his appellate issues.  However, the record shows that Seeman never
paid or made arrangements to pay for a reporter’s record.  From the notices provided to the parties by
this Court, as well as the abatements to determine the status of the reporter’s
record, Seeman was well aware that this Court did not have a complete
reporter’s record.  When this Court
stated in its December 27, 2011 order that because of Cantu’s failure to pay
for the complete reporter’s record “the partial record in this cause will be
considered on appeal,” Seeman could have filed a motion to supplement the
record, but he did not.  See Tex. R. App. P. 34.6 (when partial record is
filed, any other party may designate additional items to be included in the
reporter’s record).

            Presuming,
as we must, that the missing portions of the reporter’s record support the
trial court’s rulings, we overrule Seeman’s issues on appeal.

CONCLUSION

            We
affirm the judgment of the trial court.

            We
overrule all pending motions.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

 

 











[1]
          We do not address the issue of
whether Cantu should have been served with citation once Seeman asserted claims
against him after he had nonsuited his own claims.  We note that Cantu appeared in the
transferred case and refiled his claims against Seeman, including the filing of
a motion for summary judgment and several amended petitions.  By doing so, Cantu has waived any issue of
personal jurisdiction that he might have had.