**Opinion issued February 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00802-CV**

————————————

**GUY HILDER AND SUSAN HILDER, Appellants**

**V.**

**HARRIET D. SALEM, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1035802**

---

**MEMORANDUM OPINION**

On September 24, 2013, the trial court rendered judgment against appellants,

Guy Hilder and Susan Hilder, finding that they had committed a forcible detainer,

and awarded possession of the property at issue, $12,000 in rent due, and $1,500 in

attorney's fees to appellee, Harriet Salem. Appellant Susan Hilder did not file a

timely notice of appeal from the trial court's judgment, and appellant Guy Hilder has neither paid the required fees nor established indigence for purposes of appellate costs. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id*.; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final judgment on September 24, 2013.[1] Appellant Susan Hilder did not, however, file any post-judgment motions or a notice of appeal. Instead, appellant Guy Hilder filed a notice of appeal on

---

[1] Although the original judgment was signed on September 9, 2013, the trial court signed an amended judgment on September 24, 2013.

September 16, 2013, which was filed "Pro Se and as Authorized Agent for Susan Hilder." Guy Hilder has not, however, provided a Texas state bar number or any other indication that he is licensed or authorized to practice law in the State of Texas, and he may not represent Susan Hilder in these proceedings. *See* TEX. GOV'T CODE ANN. §§ 81.101, 81.102 (West 2013); *Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, *2 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.); *Rodriguez v. Press*, No. 01-08-00326-CV, 2009 WL 4856325, * 1 n.2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2009, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ); *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, no writ). Therefore, appellant Susan Hilder has not filed a notice of appeal, and her failure to file a notice of appeal "is ground . . . for the appellate court to act appropriately, including dismissing the appeal." TEX. R. APP. P. 25.1(b); *see also* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."). On January 7, 2014, we notified appellant Susan Hilder that her appeal was subject to dismissal unless, by January 17, 2014,

she filed a response showing why her appeal should not be dismissed.  *See* TEX. R. APP. P. 42.3(a), (c).  Appellant Susan Hilder failed to adequately respond.

Further, appellant Guy Hilder has neither paid the required fees nor established indigence for purposes of appellate costs.  *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1). After being notified that this appeal was subject to dismissal, appellant Guy Hilder did not adequately respond.  *See* TEX. R. APP. P. 5, 42.3(c).

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 5, 25.1(b), 42.3(a), (c).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.