Richard **FAVALORO**, Appellant,

v.

**COMMISSION FOR LAWYER DISCIPLINE and Judge John Delaney, Appellees.**

No. 05–96–01778–CV.

Court of Appeals of Texas, Dallas.

May 26, 1999.

Rehearing Denied July 5, 1999.

Richard W. Favaloro, Dallas, for appellant.

Linda A. Acevedo, State Bar of Texas, Austin, Jeffrey S. Levinger, Christopher John Akin, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, Blake Brodersen, Oth Brodersen, Asst. Atty. Gen., Austin, for appellees.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

CAROLYN WRIGHT, Justice.

Richard Favaloro appeals a public reprimand and probated suspension from the practice of law received in a disciplinary proceeding brought by the Commission for Lawyer Discipline in district court. Favaloro brings eighty points of error contending his reprimand and suspension were entered in violation of his rights under various constitutions, statutes, and rules. His myriad points of error have been consolidated and addressed according to similarities in law.[1] We overrule Favaloro's points of error and affirm the trial court's judgment. We publish this opinion pursuant to the mandate of Texas Rule of Disciplinary Procedure 6.06. *See* Tex.R. Disciplinary P. 6.06, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon 1998).

## FACTUAL BACKGROUND

Favaloro, an attorney, represented one of the parties in a protracted lawsuit. During the litigation, he filed a grievance with the State Bar of Texas against opposing counsel in the case. The grievance committee informed Favaloro of the confidential nature of grievance proceedings. This grievance was subsequently dismissed by the grievance committee in May 1992. Also, during the litigation, Favaloro filed a petition for writ of mandamus in the Texas Supreme Court, unrelated to the grievance, and opposing counsel filed a response. After the supreme court denied Favaloro's request for mandamus relief, Favaloro filed a motion for reconsideration, on July 6, 1992, in the form of a letter addressed to the clerk of the supreme court, stating in relevant part:

Because the Court overruled Relators' application for writ of mandamus, Relators suspect that the Court *did* consider [opposing counsel's] response. If the Court considered [opposing counsel's] response, Relators request a reconsideration of the Court's ruling because [opposing counsel's] response contains many of the same knowingly dishonest statements, including those that maliciously and falsely defame me personal-

---

1. Because some of appellant's points of error contain arguments addressing multiple legal issues, those points of error are addressed more than once in different parts of the opinion.

ly, *that forced the State Bar of Texas to prosecute [opposing counsel] for her dishonesty and abuse of our legal system in File Number . . ., State Bar of Texas v. [opposing counsel].*

(Underlining in original; italicization added.) The letter was signed by Richard Favaloro.

After Favaloro sent the above letter, Favaloro's opposing counsel filed a grievance action against him for violating then-disciplinary rule of professional conduct 8.04(a)(11),[2] regarding the confidentiality requirements of disciplinary proceedings. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 8.04(a)(12), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (providing that a lawyer shall not violate any other laws relating to professional conduct and the practice of law); TEX.R. DISCIPLINARY P. 2.15 (providing for the confidentiality of proceedings before a grievance committee).

After the conclusion of administrative proceedings against Favaloro, the Commission for Lawyer Discipline filed a disciplinary petition in district court, and the supreme court appointed the Honorable Bruce Auld to preside over the proceedings. Before trial, the supreme court substituted its initial appointment of Judge Auld with the subsequent appointment of the Honorable John Delaney, who presided over the jury trial.

During the jury's deliberations, the jury requested clarification of the rules governing the confidentiality of grievance proceedings. At the time of the grievance proceeding, the rule provided: "[a]fter a grievance committee and a respondent have reached agreement for a sanction *other than a private reprimand,* . . . the disposition is public." However, the judge instructed the jury: "[a]fter a grievance committee and a respondent have reached agreement for a sanction *other than a public reprimand,* . . . the disposition is public." Following this inconsistent in-

struction, the jury returned a verdict in Favaloro's favor on all issues including the questions concerning his violation of the confidentiality requirement.

The Commission filed a motion for judgment notwithstanding the verdict (JNOV), arguing it proved Favaloro's violation of the confidentiality requirement as a matter of law. The judge agreed and announced the Commission's motion for JNOV would be granted. Before Judge Delaney signed an order granting the Commission's motion for JNOV, Favaloro filed a motion to recuse him. The motion was granted. The supreme court then appointed the Honorable Donald Jones to replace Judge Delaney. Judge Jones entered JNOV as previously announced by Judge Delaney and signed a judgment publicly reprimanding Favaloro, suspending Favaloro from the practice of law for three years, probating the suspension for three years, and ordering Favaloro to pay the Commission $8,712.50 in attorney's fees.

### FINALITY OF THE TRIAL COURT'S JUDGMENT

■ In points of error seventy-six and seventy-seven (f), (g), and (h), Favaloro contends the trial court's judgment is not final because the trial court did not resolve Favaloro's defenses, counterclaims, and sanctions against the Commission. In *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966), the supreme court held a judgment rendered in a case regularly set for trial on the merits is presumed final absent an order for separate trial or a reservation of claims for later disposition. *See Aldridge,* 400 S.W.2d at 897–98; *Smith v. Grace,* 919 S.W.2d 673, 675 (Tex.App.-Dallas 1996, writ denied), *cert. denied,* 519 U.S. 1118, 117 S.Ct. 964, 136 L.Ed.2d 849 (1997). This case was regularly set for trial on the merits and does not order a separate trial or reserve claims for later disposition. Therefore, we presume the judgment is final for purposes of appeal. We overrule

---

**2.** Rule 8.04(a)(11) was renumbered 8.04(a)(12) in 1994.

Favaloro's points of error seventy-six and seventy-seven (f), (g), and (h).

## THE COMMISSION'S PLEADINGS

In points of error one through seven, forty-three, fifty-two through fifty-nine, sixty-one through sixty-three, seventy-four, and seventy-five, Favaloro contends the Commission's petition was deficient and did not vest the trial court with jurisdiction because the petition did not allege compliance with the requirements of disciplinary rules 2.01 through 2.15. *See* Tex.R. Disciplinary P. 2.01–.15. Rule 3.01 lists the required elements for the Commission's disciplinary petition, and it does not require the Commission to plead compliance with rules 2.01 through 2.15. *See id.* 3.01.

■ Favaloro argues the petition did not vest the trial court with jurisdiction because the *original* disciplinary petition did not assert the "Professional Misconduct" for which he was reprimanded. The *amended* disciplinary petitions did assert Favaloro's violation of the confidentiality requirement. Favaloro, however, argues the Commission cannot amend its pleading to allege different acts of professional misconduct. The rules of disciplinary procedure incorporate the Texas Rules of Civil Procedure. *See id.* 3.08(B). Texas Rule of Civil Procedure 62 provides that an amended petition may add additional claims. *See* Tex.R. Civ. P. 62. Therefore, Favaloro's argument lacks merit.

Favaloro argues the disciplinary petition did not describe in detail the acts and conduct giving rise to the alleged professional misconduct sufficient to give him fair notice of the Commission's claims. *See* Tex.R. Disciplinary P. 3.01(D). He also argues the petition did not specify the rules of professional conduct allegedly vio-

lated. *See id.* 3.01(E). We disagree. The Commission's third amended petition specifies the details of Favaloro's acts and conduct giving rise to the misconduct charge. The pleading is sufficient to give fair notice of the Commission's claims. The petition also specifies the rules of professional conduct violated by Favaloro. Therefore, Favaloro's argument lacks merit. We overrule Favaloro's first through seventh, forty-third, fifty-second through fifty-ninth, sixty-first through sixty-third, seventy-fourth, and seventy-fifth points of error.

## RECORD ON APPEAL

Favaloro did not file a statement of facts [3] from the trial of this cause, nor did he request the preparation of one. The only statement of facts before us is from the hearing on the Commission's motion for JNOV at which no evidence was offered.

■ Under rule of appellate procedure 50(d), "The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." Tex. R.App. P. 50(d). When the appellant fails to bring forward a statement of facts, the appellate court will presume the statement of facts contained all matters supporting the trial court's judgment. *See, e.g., Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); *Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex.1987). Points of error dependent on the state of the evidence cannot be reviewed without a complete record, including a statement of facts. If the appellant has failed to bring forward a complete record, the points of error dependent on the state of the evidence will be deemed to have been waived.

---

**3.** Because this case was appealed and briefed prior to September 1, 1997, the rules of appellate procedure applicable before September 1, 1997 apply. *See* Order of Aug. 15, 1997, 948–949 S.W.2d (Tex.Cases) xlii (Tex. 1997). Therefore, we use the terminology of the former rules of appellate procedure, "statement of facts," to describe the court reporter's transcription instead of the terminology of the current rules of appellate procedure, "reporter's record." Moreover, all citations to the rules of appellate procedure will be to the former Texas Rules of Appellate Procedure.

*See Dob's Tire & Auto Ctr. v. Safeway Ins. Agency,* 923 S.W.2d 715, 720 (Tex.App.-Houston [1st Dist.] 1996, writ dism'd w.o.j.).

■ In points of error nine, ten, twenty-five, twenty-six, and thirty-six, Favaloro contends the confidentiality requirement and the prosecution of this case violate his rights of free speech and to petition the government for redress of grievances under the federal and state constitutions. Even if we were to assume that the confidentiality requirement and the prosecution of this case interfered with and punished Favaloro for exercising these rights, we nevertheless would have to determine whether the Commission presented compelling reasons justifying the government's actions. *See McMullen v. Carson,* 568 F.Supp. 937, 943 (M.D.Fla.1983), *aff'd,* 754 F.2d 936 (11th Cir.1985). Without a statement of facts, we would also have to presume the evidence supports the trial court's judgment and the Commission presented necessary compelling reasons. Therefore, because Favaloro did not bring forward a statement of facts from the trial, he has waived these points of error. We overrule Favaloro's ninth, tenth, twenty-fifth, twenty-sixth, and thirty-sixth points of error.

In points of error fifteen, twenty-two, thirty, and thirty-four, Favaloro contends his due process rights were violated. In points of error fifty-three through fifty-nine, Favaloro contends his rights under rules of disciplinary procedure 2.01 through 2.07 and 2.12 through 2.14 were violated at the grievance-committee stage of the proceeding. Without a statement of facts, we must presume the evidence supports the trial court's judgment and that Favaloro's rights were not violated. Because appellant did not bring forward a statement of facts, he has waived these points of error. We overrule points of error fifteen, twenty-two, thirty, thirty-four, and fifty-three through fifty-nine.

In points of error sixty-seven and sixty-eight, Favaloro contends the trial court violated rule of disciplinary procedure 3.07 by not setting the case for trial within 180 days after the disciplinary petition was filed and by granting the Commission's motion for continuance that was not in the interest of justice. *See* TEX.R. DISCIPLINARY P. 3.07. The record shows the case was first set for trial 230 days after the original disciplinary petition was filed. However, without a statement of facts, we cannot determine whether the delay in setting the case for trial or the granting of the Commission's motion for continuance harmed Favaloro, *i.e.,* whether they were reasonably likely to cause and probably did cause rendition of an improper judgment. *See* TEX.R.APP. P. 81(b)(1). We overrule Favaloro's sixty-seventh and sixty-eighth points of error.

In points of error seventy-one and seventy-two, Favaloro argues the evidence is insufficient to prove he violated the confidentiality requirement. In point of error seventy-seven (a)-(c), Favaloro contends the evidence is insufficient to support the JNOV. Without a statement of facts from the trial, we must presume the evidence supports the trial court's judgment that Favaloro violated the confidentiality requirement. *See Hicks v. Western Funding, Inc.,* 809 S.W.2d 787, 788 (Tex.App.-Houston [1st Dist.] 1991, writ denied) (presuming facts against appellant in appeal from directed verdict with no statement of facts); *Norwood v. Bayshore Bus Lines, Inc.,* 196 S.W.2d 526, 527 (Tex.Civ.App.-Galveston 1946, writ dism'd) (presuming facts against appellant in appeal from JNOV with no statement of facts). Because he did not bring forward a statement of facts from the trial, Favaloro has waived these points of error. We overrule points of error seventy-one, seventy-two, and seventy-seven (a)-(c).

In point of error seventy-eight, Favaloro contends the State Bar did not vote to prosecute him. *See* TEX. STATE BAR R. art. II, § 14(C)(2). Regardless of the merits of this argument, we cannot determine the accuracy of the factual basis for the argu-

ment without a statement of facts. We overrule Favaloro's seventy-eighth point of error.

In point of error seventy-nine, Favaloro contends the trial court erred in failing to submit his requested jury instructions. In point of error eighty, Favaloro contends Judge Delaney violated the canons of judicial conduct by not submitting Favaloro's requested jury instructions. A statement of facts is necessary to review these points of error to determine whether any evidence supports the submission of the requested jury instructions. Because Favaloro did not bring forward a statement of facts from the trial, he has waived any error on this issue. We overrule Favaloro's seventy-ninth and eightieth points of error.

## CONSTITUTIONAL VIOLATIONS

In point of error sixty-nine, Favaloro contends rule of disciplinary procedure 3.08(A), which states that disciplinary actions are civil in nature, "is false because disciplinary actions are quasi-criminal in nature." *See* Tex.R. Disciplinary P. 3.08(A). The Texas Supreme Court has rejected that argument and held disciplinary actions are civil actions. *See State Bar v. Evans*, 774 S.W.2d 656, 657 n. 1 (Tex. 1989) (per curiam). We overrule Favaloro's sixty-ninth point of error.

■ In points of error eleven, twelve, and twenty-eight, Favaloro contends his right to be free from unreasonable search and seizure and to have warrants based upon probable cause were violated by the trial court's judgment. In points of error thirteen, twenty-nine, and forty-three, Favaloro contends his right to an indictment or presentment in a criminal case was violated by the trial court's judgment. In points of error fourteen and thirty-one, Favaloro contends the trial court violated his right not to be subjected to double jeopardy by granting the Commission's motion for JNOV. In points of error seventeen and twenty-nine, appellant contends he was deprived of his right to a speedy

trial in a criminal prosecution. In points of error nineteen, twenty, and thirty, Favaloro contends he has been subjected to cruel and unusual punishment and excessive fines. In point of error forty-five, Favaloro contends the granting of the Commission's motion for JNOV violated the constitutional prohibition against the State appealing verdicts of not guilty in criminal cases. Each of these points of error asserts the violation of some constitutional right afforded defendants in a *criminal* case. Disciplinary proceedings are civil cases, not criminal cases. *See* Tex.R. Disciplinary P. 3.08(A) ("Disciplinary Actions are civil in nature."). Therefore, none of the rights asserted in these points of error applies to Favaloro in this proceeding. We overrule Favaloro's eleventh through fourteenth, seventeenth, nineteenth, twentieth, twenty-eighth through thirty-first, forty-third, and forty-fifth points of error.

■ In points of error sixteen and thirty-three, Favaloro contends the judgment constitutes a "taking" for the public use or public good without compensation. "[W]hile the license to practice is a property right, and a valuable one at that, it is not such a vested right, in the constitutional sense, that it may not be revoked for good cause, and such revocation is not a taking of property without due process of law." *See Bryant v. State*, 457 S.W.2d 72, 78–79 (Tex.Civ.App.-Eastland 1970, writ ref'd n.r.e.) (quoting *Sherman v. State Bd. of Dental Exam'rs*, 116 S.W.2d 843, 846 (Tex.Civ.App.-San Antonio 1938, writ ref'd)). Thus, the judgment did not "take" Favaloro's license to practice law. We overrule Favaloro's sixteenth and thirty-third points of error.

■ In point of error twenty-one, Favaloro contends the judgment subjects him to slavery and involuntary servitude in violation of the Thirteenth Amendment. Favaloro provides no authority in support of this contention, and he fails to explain how a public reprimand and a probated suspen-

sion of his license to practice law leave him enslaved or subject to involuntary servitude. Favaloro is absolutely free to voluntarily abandon the practice of law at any time and pursue a career that does not have the State Bar of Texas as its overseer. The trial court's judgment in no way forces Favaloro into continued service or confinement or subjects him to the horrors of slavery. *See Watson v. Graves,* 909 F.2d 1549, 1552 (5th Cir.1990) (defining involuntary servitude). We overrule Favaloro's twenty-first point of error.

■ In point of error thirty-five, Favaloro contends the State Bar violates the constitutional prohibition against monopolies. *See* Tex. Const. art. 1, § 26. Favaloro argues, "The State Bar of Texas and the Supreme Court of Texas, real parties in interest [sic], are integrated monopolies against the free practice of law, and these monopolies have damaged Appellant. The 7–19–96 document [the judgment] supports and advances that monopoly against Appellant. Therefore, the signing of the document was error." The practice of law is potentially harmful to the public if practiced by unqualified persons. The State Bar is not a monopoly but is the entity charged with regulating the practice of law for the protection of the public. *See Fadia v. Unauthorized Practice of Law Comm.,* 830 S.W.2d 162, 165 (Tex.App.-Dallas 1992, writ denied); *Palmer v. Unauthorized Practice Comm.,* 438 S.W.2d 374, 376 (Tex. Civ.App.-Houston [14th Dist.] 1969, no writ). We overrule Favaloro's thirty-fifth point of error.

■ In point of error thirty-nine, Favaloro contends the Texas Supreme Court "and its agents in the judicial department," violated the Separation of Powers Clause by acting as "investigator, grand jury, prosecutor, witness, finder of fact, finder of law, judge, jury, appellate court and executioner." Although nothing presented to this Court for review sup-

ports this contention, the supreme court does act in its administrative capacity in exercising its legislatively delegated and inherent power to regulate the practice of law in Texas. *See* Tex. Gov't Code Ann. § 81.011(c) (Vernon 1998); *State Bar v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). This role is separate from its judicial role, and its actions in its administrative capacity do not deprive the lower courts of general jurisdiction over challenges to the supreme court's administrative actions. *See Gomez,* 891 S.W.2d at 245. Although the supreme court, in its administrative capacity, may have acted as investigator and prosecutor, it did not in its administrative capacity act as finder of fact or law, judge, jury, or appellate court.[4] Nor has the supreme court, in its judicial capacity, or any other member of the judiciary acted as investigator, prosecutor, grand jury, or executioner. Favaloro has failed to show a violation of the Separation of Powers Clause. We overrule Favaloro's thirty-ninth point of error.

## RIGHT TO TRIAL BY JURY

■ In points of error eighteen, twenty-two, twenty-seven, thirty-two, and forty-two, Favaloro contends the trial court violated his constitutional right to trial by jury by granting the Commission's motion for JNOV. *See* U.S. Const. amend. VII; Tex. Const. art. I, §§ 8, 10, & 15. A trial court may disregard a jury's negative finding and substitute its own affirmative finding only if the evidence conclusively establishes such an affirmative finding as a matter of law. *See* Tex.R. Civ. P. 301; *Brown v. Bank of Galveston, N.A.,* 930 S.W.2d 140, 145 (Tex.App.-Houston [14th Dist.] 1996, no writ), *aff'd,* 963 S.W.2d 511 (Tex.1998). The proper rendition of a JNOV does not violate any constitutional provision. *See Sheppard v. City & County of Dallas Levee Improvement Dist.,* 112 S.W.2d 253, 254–55 (Tex.Civ.App.-Dallas

---

4. Without the statement of facts from the trial, we cannot determine whether the supreme court, in any capacity, acted as witness. We must presume the record supports the trial court's judgment.

1937, no writ). Because Favaloro did not bring a statement of facts from the trial of this case, we must presume the record supports the trial court's order granting JNOV and did not violate Favaloro's right to trial by jury. We overrule Favaloro's eighteenth, twenty-second, twenty-seventh, thirty-second, and forty-second points of error.

■ In points of error thirty-seven, forty-eight, forty-nine, fifty-one, sixty-six, seventy, seventy-three, and seventy-seven (d)-(e), Favaloro contends the trial court violated rule 3.09 of the Texas Rules of Disciplinary Procedure by granting the Commission's motion for JNOV. Rule 3.09 provides:

> If the trial court fails to find from the evidence in a case tried without a jury, or from the verdict in a jury trial, that the Respondent's conduct constitutes Professional Misconduct, the court shall render judgment accordingly.

Tex.R. Disciplinary P 3.09. Favaloro argues this rule prohibits the trial court from granting a motion for JNOV because the rule requires the trial court to render judgment "from the verdict in a jury trial." We disagree. A JNOV is appropriate when the case should never have been submitted to the jury. *See Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). As discussed above, Favaloro's failure to bring forward a statement of facts from the trial of his case waived his right to challenge the trial court's granting the motion for JNOV. Because we must presume the JNOV was appropriate, this case is one "tried without a jury," and the provision of rule 3.09 concerning jury verdicts does not apply.

Favaloro asserts he did not commit Professional Misconduct because the basis of his misconduct, violation of a rule of disciplinary procedure, cannot constitute Professional Misconduct. Favaloro's only argument in support of this assertion is the statement, "If violating a procedural rule

were 'Professional Misconduct,' then all the members of the Texas Supreme Court have committed Professional Misconduct by not appointing [Judge] John Delaney's replacement within 30 days of his recusal." [5] Whether the supreme court violated disciplinary rule of professional conduct 8.04(a)(11) by not timely appointing Judge Delaney's replacement is not before us. Further, the resolution of that issue is irrelevant to the determination of whether Favaloro violated the disciplinary rules of professional conduct. Favaloro's argument lacks merit.

Favaloro also argues the trial court did not find he committed Professional Misconduct because the court did not find that he violated a disciplinary rule of professional responsibility. We disagree. The trial court's judgment provides: "The Court, based on the evidence and law applicable thereto, is of the opinion, and so finds, that the conduct of the Respondent described in Jury Question No. 2 constituted a violation of Disciplinary Rule 8.04(a)(11)...." Favaloro's argument lacks merit. We overrule Favaloro's points of error thirty-seven, forty-eight, forty-nine, fifty-one, sixty-six, seventy, seventy-three, and seventy-seven (d)-(e).

In point of error twenty-four, Favaloro further contends the judgment violated the constitution's prohibition against public emoluments except in consideration of public services. *See* Tex. Const. art. I, § 3. Favaloro argues that the jury's finding of "innocent" renders the Commission's action not to be "in consideration of public services." As explained above, the trial court determined that the case should never have been submitted to the jury because the Commission proved its case against Favaloro as a matter of law. We overrule Favaloro's twenty-fourth point of error.

**SELECTION OF TRIAL JUDGES**

■ In points of error forty-one, forty-six, fifty, sixty-four, and sixty-five,

---

**5.** *See infra* discussion of point of error sixty-four.

Favaloro contends the supreme court's appointment of the trial judges who presided over his case violated his rights. He first challenges the supreme court's appointment of Judge Delaney to replace Judge Auld because the Disabled Judges Clause of the Texas Constitution provides that the legislature shall provide for the holding of district court when the district judge is absent or disabled or disqualified from serving. *See* TEX. CONST. art. V, § 7. There is no explanation in the record presented for review that would indicate why Judge Auld was replaced. Thus, the record does not support Favaloro's contention that article five, section seven of the Texas Constitution was violated. We overrule Favaloro's forty-first point of error.

■ In point of error forty-six, Favaloro contends the appointment of Judges Delaney and Jones violated article five, section twenty-eight of the Texas Constitution, which provides that the Governor shall fill vacancies in district courts. *See* TEX. CONST. art. V, § 28. There is no evidence in the record presented for review that supports the contention that a vacancy existed in the district court in which Favaloro's case was heard. There is only an indication that another judge was appointed to preside over this particular disciplinary case. Under rule of disciplinary procedure 3.02, the supreme court had the authority to appoint any active district judge who did not reside in the same Administrative Judicial Region in which Favaloro resided to preside in the case. *See* TEX.R. DISCIPLINARY P. 3.02. We overrule Favaloro's forty-sixth point of error.

■ In point of error fifty, Favaloro contends the judgment is void because he timely objected to the assignment of Judge Jones and his objection was improperly overruled. Favaloro asserts his objection was timely under section 74.053 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.053(c) (Vernon 1998) (objection must be filed before the first hearing or trial over which the assigned judge

is to preside). However, disciplinary procedure rule 3.02 governs objections to the appointment of judges in disciplinary proceedings. Rule 3.02 provides, "The judge appointed shall be subject to recusal under the Rules of Civil Procedure and objection, as provided by law, through a motion filed by either party not later than sixty (60) days from the date the Respondent is served with the Supreme Court's order appointing the judge...." TEX.R. DISCIPLINARY P. 3.02. The record shows the supreme court served Favaloro with notice of the appointment of Judge Jones on June 19, 1995. Favaloro filed his objection to Judge Jones on March 7, 1996, almost seven months outside the sixty-day deadline. We overrule Favaloro's fiftieth point of error.

■ In point of error sixty-four, Favaloro contends the supreme court failed to follow rule of disciplinary procedure 3.02 by not appointing Judge Jones to replace Judge Delaney within thirty days of the order recusing Judge Delaney. *See* TEX.R. DISCIPLINARY P. 3.02. The record shows that the order recusing Judge Delaney was signed March 24, 1995, and the supreme court appointed Judge Jones to preside over this case on June 19, 1995, well outside the thirty-day deadline. However, Favaloro does not explain, and we do not perceive, how the timing of the appointment was harmful error, *i.e.,* the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See* TEX.R.APP. P. 81(b)(1). We hold any error was harmless. We overrule Favaloro's sixty-fourth point of error.

## RIGHT TO TRIAL IN DALLAS COUNTY

■ Under rule of disciplinary procedure 3.03, "All proceedings incident to trial de novo must take place in the County of Respondent's principal place of practice." TEX.R. DISCIPLINARY P. 3.03. Article five, section seven of the Texas Constitution provides, "The Court shall conduct pro-

ceedings at the county seat of the county in which the case is pending." TEX. CONST. art. V, § 7. In points of error seventeen, forty, and sixty-five, Favaloro contends his right to be tried in Dallas County, his principal place of practice and the county where his case was pending, were violated by: (1) the supreme court's acts in Travis County of appointing the trial judges who presided over Favaloro's case; and (2) Judge Jones's act of notifying the parties he would enter JNOV.

■ Favaloro's contention that rule 3.03 required the members of the supreme court to be in Dallas County when they appointed the judges in this case specifically violates the constitutional requirement in effect, at the time of the appointment of the judges, that the supreme court transact its business "at the seat of government," *i.e.*, in Travis County. *See* TEX. CONST. art. V, § 3a (amended 1997). The supreme court's actions were consistent with article five, section 3a of the Texas Constitution. Favaloro does not explain, and we cannot perceive, how the trial court's granting the motion for JNOV in Erath County instead of in Dallas County after the proceedings harmed him. We overrule Favaloro's seventeenth, fortieth, and sixty-fifth points of error.

### REMAINING POINTS OF ERROR

In his sixtieth point of error, Favaloro contends the Commission violated the confidentiality requirement of rule 2.15 by publicly filing the disciplinary petition against Favaloro in district court. *See* TEX.R. DISCIPLINARY P. 2.15. Rule 2.15 requires the confidentiality of all information, proceedings, hearing transcripts, statements, and any other information coming to the attention of the grievance committee unless a court orders disclosure or a sanction other than a private reprimand is entered with the respondent's agreement. *See id.* Favaloro argues that because no court ordered disclosure and he never agreed to any sanction, the trial

and judgment against him violated rule 2.15. We disagree.

■ Rule 2.14 provides that if the investigatory panel of the grievance committee finds just cause to proceed to an evidentiary hearing, that hearing shall be held before another grievance committee panel unless the respondent elects a trial de novo in district court. *See id.* 2.14, 2.16. Because this case was heard in district court, it appears that Favaloro elected to have a trial de novo in district court instead of an evidentiary hearing before a grievance committee panel. Favaloro's election caused the Commission to describe in its disciplinary petition in district court "the acts and conduct that gave rise to the alleged Professional Misconduct in detail." *See id.* 3.01(D). All papers filed in district court are presumed public. *See* TEX.R. CIV. P. 76a. By filing his election for trial de novo in district court, Favaloro waived his right to the continued confidentiality of the information, proceedings, etc. before the grievance committee. We overrule Favaloro's sixtieth point of error.

Favaloro's points of error eight, twenty-three, thirty-eight, forty-four, and forty-seven appear to rely on the applicability of other law. These points argue that the law should be strictly construed, that federal law controls over state law, that laws contrary to the Texas Constitution's Bill of Rights are void, and that rules contrary to state laws are void. While we agree with these general propositions, Favaloro has not shown that the law has not been strictly construed, that any relevant state law contravenes federal law, that any relevant laws are contrary to the state constitution, or that any applicable rules are contrary to state statutes. We overrule Favaloro's eighth, twenty-third, thirty-eighth, forty-fourth, and forty-seventh points of error.

We affirm the trial court's judgment.