

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00059-CV

PAUL LAIR, JR.                                                        APPELLANT

V.

R.M. INDIVIDUALLY AND AS NEXT                                        APPELLEES
FRIEND OF __.M., A MINOR, AND
A.G. INDIVIDUALLY AND AS NEXT
FRIEND OF __.G., A MINOR

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Paul Lair, Jr., pro se, appeals from the judgment against him and in favor of Appellees R.M. Individually and as Next Friend of __.M., a minor, and A.G. Individually and as Next Friend of __.G., a minor.  Because we hold that the record does not support Lair's issues, we affirm.

---

[1]*See* Tex. R. App. P. 47.4.

R.M. and A.G. sued Lair and his former employer for negligence, assault, breach of contract, and breach of fiduciary duty based on allegations that Lair sexually assaulted children of R.M. and A.G. while the children were in the care of Lair and the codefendant employer. Lair was also tried in a criminal case for the sexual assault of a child who was not the subject of this suit. After R.M. and A.G. settled with Lair's former employer, the trial court signed a judgment in accordance with the settlement and dismissed the claims against the employer. The claims against Lair proceeded to trial before the court, and Lair, who was by then incarcerated, did not appear. The trial court signed a judgment in favor of R.M. and A.G. and awarded them actual and punitive damages against Lair. Lair now appeals from that judgment.

In his first issue, Lair asserts that he was illegally denied access to the courts while being unrepresented in this matter. Lair's first argument under this issue is that he was denied access to the courts by the trial court's failure to issue a bench warrant for his appearance or to provide an alternative means of participating in the proceedings when timely requested by Lair. He complains that the trial court failed to articulate any of the balancing factors that a trial court must consider in deciding whether to allow an inmate to be present in a civil case. But the record does not reflect any request by Lair to be present.[2] Moreover, Lair had the burden to justify the need for his presence, and nothing in

---

[2]*See* Tex. R. App. P. 33.1.

the record shows that he attempted to meet that burden.[3]  Accordingly, we overrule this part of Lair's first issue.

Lair attempts to make other arguments under this issue, but they lack supporting argument, relevant authority, or both.[4]  For example, Lair argues that he was prejudiced because the trial court allowed his father to appear on his behalf, but he cites no authority for his argument and, importantly, he does not explain how he was prejudiced.  While we are mindful of the difficulty that pro se litigants face, we may not make Lair's arguments for him.[5]  We overrule the remainder of Lair's first issue.

In Lair's second issue, he argues that the trial court denied him due process of law by denying his motion to abate[6] the trial proceedings until the unrelated criminal proceedings could be concluded.  He argues that "a stay may be appropriate when the civil litigant is faced with the dilemma of waiving" his Fifth Amendment right against self-incrimination "and exposing [him]self to

---

[3]*See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003) (stating that the prisoner requesting a bench warrant in a civil matter must justify the need for his presence and holding that the trial court did not abuse its discretion by denying the prisoner's request because he failed to make the required showing and "the trial court is not required, on its own, to seek out the necessary information").

[4]*See* Tex. R. App. P. 38.1(i).

[5]*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005).

[6]Lair called his motion in the trial court a "motion to stay," but on appeal he refers to the motion as a motion to abate.

3

criminal prosecution or invoking the privilege and risk losing the civil case" given that "in civil cases, a negative inference can be made by the jury if a defendant asserts his Fifth Amendment right against self-incrimination." The trial court abated the proceedings in 2010 until the criminal trial had concluded, but Lair argues that the trial should have been abated further until after the appeal in the criminal case.

On November 5, 2012, Lair filed a motion to stay the trial court proceedings. No ruling on Lair's motion appears in the record, but the trial was held on November 12, 2012. Nothing in the record shows that Lair attempted to set his motion for a hearing.[7] Accordingly, Lair failed to preserve this complaint for review.[8]

In his brief, Lair articulates several factors he asserts that trial courts must consider in determining whether to grant a stay of proceedings. He does not, however, articulate which factors weigh in his favor or explain why the factors are met in this case.[9] We overrule Lair's second issue.

---

[7]*See* Tex. R. App. P. 33.1; *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.) (stating that an appellant cannot complain on appeal about the trial court's denial of a motion unless the record shows that (1) the appellant brought the motion to the trial court's attention *and* (2) either the trial court denied the motion *or* the trial court refused to rule on the motion and the complaining party objected to that refusal).

[8]*See* Tex. R. App. 33.1.

[9]See Tex. R. App. P. 38.1(i); *Strange*, 126 S.W.3d at 677–78.

4

In Lair's third and last issue, he asserts that "the trial court abused its discretion by denying various defense motions . . . while granting [the] plaintiff's motions."  He asserts a number of unrelated arguments under this issue, which we consider in turn.

Lair first argues under this issue that in his answer, he asserted the affirmative defense of the statute of limitations and that "the trial court abused its discretion in denying his affirmative defense in the face of a silent record which exists because the trial court refused to enter findings of fact and conclusions of law" even though it had been requested to do so.  Lair did assert the limitations in his original answer that he filed pro se.  He then filed a subsequent answer through an attorney (which he also called his "original answer"), and this second answer did not include that affirmative defense.

As a general rule, an amended pleading takes the place of the original pleading, and therefore Lair's second answer, if it constituted an amendment, would replace his original answer.[10]  Lair's second answer did not contain the limitations defense.[11]  Even assuming, though, that the second answer supplemented rather than replaced the first,[12] Lair has failed to show any

---

[10]Tex. R. Civ. P. 62, 65; *Denton Cnty. Elec. Coop., Inc. v. Hackett*, 368 S.W.3d 765, 772 (Tex. App.—Fort Worth 2012, pet. denied).

[11]*See Hackett*, 368 S.W.3d at 772 (stating that a party may voluntarily dismiss claims by omitting them from amended pleadings).

[12]*Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ) (construing Texas Rule of Civil Procedure 64 and stating that

5

reversible error by the trial court related to his affirmative defense. The party asserting an affirmative defense has the burden to prove that affirmative defense at trial.[13] The reporter's record was not included in the appellate record, and we therefore do not have a record of what evidence, if any, Lair submitted to prove up his affirmative defense. Without the reporter's record, we cannot determine whether the trial court erred by not sustaining his limitations defense.[14] Consequently, we overrule this part of Lair's third issue.

In a related argument, Lair argues that the claims were barred by the doctrine of laches and that the trial court abused its discretion by denying this affirmative defense. For the same reasons that we overruled his argument related to his limitations defense, we also overrule his argument as to laches.

Lair next argues that the trial court abused its discretion by allowing him to be carried as a codefendant until his former employer settled, at which time the trial court "sua sponte, severed [the employer] from [Lair] without just cause."

---

the rule requires a party to abandon a pleading by an express act rather than by implication).

[13] *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).

[14] *See* Tex. R. App. P. 34.6 (putting the burden on the appellant to make a timely request to the court reporter for a copy of the record and to designate which exhibits to include); *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. struck) ("When the appellant fails to bring forward a statement of facts, the appellate court will presume the statement of facts contained all matters supporting the trial court's judgment.").

6

Lair does not, however, argue how the trial court abused its discretion or how Lair was harmed.[15] We overrule this part of Lair's third issue.

Lair's next argument is that R.M. and A.G. failed to plead a cause of action on which punitive damages can be based. Lair does not cite any law for the proposition that the negligence claims against him could not support punitive damages—his argument relates only to punitive damages being paid under an insurance policy and when an insurer would be required to pay such damages under the policy. This argument does not help Lair because although it would be relevant to an argument by Lair's insurer that it cannot be required to pay punitive damages assessed against Lair under a policy held by Lair, it says nothing about whether Lair himself can have punitive damages assessed against him. We overrule this part of Lair's third issue.

Lair further argues under his third issue that the punitive damages were unconstitutional because the claims were "arbitrary, unreasonable[,] and in violation of [Lair's] rights to due process of law and equal protection of [the] law." But Lair does not explain how the damages were unconstitutional, nor does he cite us to relevant case law that could give us guidance as to the basis of his argument.[16] We overrule this part of Lair's third issue.

---

[15]*See* Tex. R. App. P. 38.1(i), 44.1.

[16]*See, e.g.*, *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 308 (Tex. 2006) (setting out factors for reviewing the constitutionality of exemplary damages).

7

Lair next argues under this issue that the trial court erred and abused its discretion by granting R.M. and A.G.'s motion to compel his testimony. Lair argues that a civil defendant may invoke the Fifth Amendment's[17] right to remain silent when answering a complaint or when responding to requests for admissions, interrogatories, or deposition questions.

Lair does not explain how he was harmed by the taking of his deposition. Because we do not have the reporter's record, we cannot determine how his invocation of his right to remain silent during his deposition was used against him, if it was mentioned at all in the trial, or even the extent to which he did in fact assert the right.[18] We overrule this part of Lair's third issue.

Lair next argues that he was prejudiced when the trial court refused to provide him with copies of all disclosure and discovery materials obtained by his former employer. Although Lair asserts that this was highly prejudicial, he does not explain how he was harmed by the trial court's failure to provide the material to him and cites no law that the trial court was required to do so.[19] Furthermore, nothing in the record shows that he requested that the trial court take this action. The record shows that the trial court did order that "the Tarrant County Criminal District Attorney's Office, in response to the Subpoena Duces Tecum issued by

---

[17]U.S. Const. amend. V.

[18]*See* Tex. R. App. P. 44.1; *Favaloro*, 994 S.W.2d at 820.

[19]*See* Tex. R. App. P. 38.1(i).

8

[Lair's former employer], produce all documents listed in Exhibit 'A' attached hereto in its possession concerning [the employer] and the criminal investigation of [Lair] to all counsel of record in this case." Lair does not explain what other discovery should have been given to him and does not explain how he was harmed by not receiving it.[20] We overrule this part of Lair's third issue.

Finally under this issue, Lair argues that his rights were violated by the trial court's denying or ignoring motions that he filed. In this section of his brief, Lair identifies only one motion that the trial court should have granted: his request for findings of facts and conclusions of law. We note, however, that Lair did not file a notice of past due findings of facts and conclusions of law. When a party fails to file the notice as required by civil procedure rule 297,[21] the party waives any right to complain of error based on that failure on appeal.[22] We overrule the remainder of Lair's third issue.

Having overruled Lair's issues on appeal, we affirm the trial court's judgment.

---

[20]*See* R. App. P.33.1, 38.1.

[21]Tex. R. Civ. P. 297.

[22]*See Commercial Servs. of Perry, Inc. v. Wooldridge*, 968 S.W.2d 560, 563 (Tex. App.—Fort Worth 1998, no pet.); *see also Licata v. Licata*, 11 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  April 3, 2014