**AFFIRM; and Opinion Filed September 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00997-CV

### STEVEN EUGENE FLOYD, Appellant
### V.
### SHANNA NICOLE FLOYD, Appellee

### On Appeal from the 292nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. CV15-00307-V

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Fillmore

Steven Eugene Floyd challenges a protective order entered in favor of his estranged wife,

Shanna Nicole Floyd.[1]  In four issues, Steven contends the evidence is insufficient to support the

protective order, the protective order grants more relief than sought by Shanna, and the

protective order exceeds the scope of protection allowed by the family code.  We affirm the trial

court's order.

### Background

On June 5, 2015, Shanna filed an application for protective order.  In her affidavit in

support of the application, Shanna stated she and Steven had been married for ten years, but she

left the marriage on April 27, 2015.  Shanna also stated that, during the parties' marriage, Steven

---

[1] Because both parties have the same surname, we will refer to them by first name in this opinion.

"displayed aggressive tendencies and struggled to control his anger," and she endured emotional and physical abuse by Steven. Shanna provided details of four incidents of violence by Steven.

The trial court held hearings on Shanna's application on July 1, 2015, and July 15, 2015. Following the hearings, the trial court signed a protective order prohibiting Steven from:

(1) committing family violence against Shanna;

(2) communicating directly with Shanna or a member of her family or household in a threatening or harassing manner;

(3) communicating a threat through any person to Shanna or a member of her family or household;

(4) going to or within 500 feet of Shanna's residence or the residence of any member of her family or household

(5) going to or within 500 feet of the place of employment or business of Shanna or any member of her family or household

(6) engaging in conduct directed specifically toward a person protected by an order or a member of that person's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person;

(7) possessing a firearm, unless he is a peace officer actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision; and

(8) going within 500 feet of Shanna's school or the school of any member of her family or household.

Steven filed this appeal.

**Record on Appeal**

Although an appellate record generally consists of both the clerk's and reporter's record, *see* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and reporter's record if latter is necessary to appeal), only the former was filed here. Our record shows that on September 22, 2015, we received notice from the court reporter that Steven had neither requested nor made arrangements to pay for the reporter's record. That same day, we sent a letter to Steven advising him the reporter's record had not been filed and giving him ten days to provide notice that he had

–2–

requested preparation of the reporter's record as well as written verification he had either paid, or made arrangements to pay, the reporter's fee or had been found to be entitled to proceed without payment of costs. We specifically cautioned Steven that, if we did not receive the requested documentation within the time period specified, we "may order the appeal submitted without the reporter's record." *See* TEX. R. APP. P. 37.3(c) .

On October 1, 2015, Steven informed us that he had contacted the court reporter and was waiting for her to provide an estimate as to the cost of the record. On October 20, 2015, we issued an order stating the clerk's record, but not the reporter's record, had been filed and ordering the court reporter to file by November 9, 2015, either the reporter's record or written verification that Steven had been notified of her fees, but had not paid nor made arrangements to pay the fees. We also noted Steven had not filed an affidavit of indigence. We cautioned Steven that, if we received written verification he had not paid or made arrangements to pay for the record, "we will submit the appeal without the reporter's record." *See id.*

On October 26, 2015, the court reporter informed us that she provided Steven with an estimated cost for the record on October 2, 2015, and had sent him a "follow-up email" on October 23, 2015. However, Steven had not contacted her and had not paid for the production of the reporter's record. On November 2, 2015, we ordered this appeal submitted without the reporter's record. *See id.*[2]

When, as in this case, there is no reporter's record and findings of fact and conclusions of law were neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.— Dallas 2008, no pet.); *see also Lyons v. Polymathic Props., Inc.*, No. 05-15-00408-CV, 2016 WL

---

[2] On August 26, 2016, Steven filed a letter with this Court attaching medical records, financial records, and photographs. We cannot consider documents filed by a party that are not part of the appellate record. *See Wilhoite v. Sims*, 401 S.W.3d 752, 762 (Tex. App—Dallas 2013, no pet.).

3564210, at \*2 (Tex. App.—Dallas June 29, 2016, no pet. h.) (mem. op.). In other words, we must presume the missing reporter's record supports the decisions of the trial court. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Cooper v. Hunt*, No. 05-14-00928-CV, 2016 WL 1213299, at \*4 (Tex. App.—Dallas Mar. 29, 2016, no pet.) (mem. op.). Further, we cannot accept as fact any statement in a brief that is unsupported by the record. *Lyons*, 2016 WL 3564210, at \*2 (citing *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied)). Constrained by the limited record before us, we turn to the issues raised by Steven in his brief.

## Sufficiency of the Evidence

In his first and second issues, Steven asserts the evidence is legally and factually insufficient to support a finding that he intended the result of his alleged actions and is factually insufficient to support a finding that he was likely to commit family violence in the future.

### *Standard of Review*

In determining whether the evidence is legally sufficient to support a finding, we consider the evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 807; *In A.M.*, 418 S.W.3d 830, 838–39 (Tex. App.—Dallas 2013, no pet.). A legal sufficiency challenge to a family violence protective order may be sustained only when "(1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact." *In re Frasure*, No. 05-

13-01667-CV, 2015 WL 459223, at \*4 (Tex. App.—Dallas Feb. 4, 2015, no pet.) (mem. op.); *see also Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998).

In reviewing a factual sufficiency challenge, we weigh all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *In re Frasure*, 2015 WL 459223, at \*5. We will overturn a finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Ortiz*, 917 S.W.2d at 772; *In re Frasure*, 2015 WL 459223, at \*5.

*Analysis*

At the close of the hearing on Shanna's application for a protective order, the trial court found family violence had occurred and was likely to occur in the future. *See* TEX. FAM. CODE ANN. §§ 81.001, 85.001(a) (West 2014). Upon making these findings, the trial court was required to enter a protective order against Steven. *See id.* §§ 81.001 (court shall render protective order if it finds family violence has occurred and is likely to occur in future); 85.001(b)(1) (if trial court makes affirmative findings that family violence has occurred and is likely to occur in future, it must enter protective order applying to person found to have committed family violence). Although Steven challenges the sufficiency of the evidence to support the trial court's findings, he failed to provide a reporter's record on appeal.

Steven had the burden to ensure that a sufficient record is presented on appeal to show error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam); *Cooper*, 2016 WL 1213299, at \*4. We cannot review issues that depend on the state of the evidence without a complete record, including the reporter's record. *Umeh v. Rivas*, No. 05-15-00784-CV, 2016 WL 3442378, at \*1 (Tex. App.—Dallas June 22, 2016, no pet.) (memo. op.) (citing *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. stricken)). Without a reporter's record, we must presume the missing evidence

supports the trial court's ruling. *See Bryant*, 972 S.W.2d at 31; *Lyons*, 2016 WL 3564210, at \*2; *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Accordingly, we resolve Steven's first two issues against him.

### Extent of Relief

In his third issue, Steven challenges the trial court's grant of protection to Shanna's family and members of her household when the application requested protection for only Shanna. Steven specifically argues the protective order violates rule of civil procedure 301 by granting relief not requested in Shanna's petition.

We question whether Steven has preserved this issue for our review. *See Stern v. Marshall*, 471 S.W.3d 498, 522 (Tex. App.—Houston [1st Dist.] July 14, 2015, no pet.) ("By electing to proceed with this appeal without a reporter's record, however, [appellant] has waived any complaint about the judgment not conforming to the pleadings."). However, even if preserved, the complaint has no merit.

Steven complains that, although Shanna's petition did not seek protection for all members of her family or household, the protective order prohibits him from going within 500 feet of the place of employment or business of the members of Shanna's family or household. However, after making findings that family violence had occurred and would likely occur in the future, the trial court was required to render a protective order as provided by section 85.022 of the family code applying to a person found to have committed family violence. TEX. FAM. CODE ANN. § 85.001(b)(1). Section 85.022(b) of the family code authorizes the trial court to prohibit the person found to have committed family violence from committing a number of specified acts, including going to or near the place of employment or business of a member of the family or household of a person protected by the order. *See id.* § 85.022(b)(3) (West Supp. 2015); *Vives v. Gersten*, No. 05-13-01463-CV, 2014 WL 7498016, at \*4 (Tex. App.—Dallas Dec. 29, 2014, no

pet.) (mem. op.). The complained-of provision of the trial court's order tracks this statutorily-allowed prohibition. Because the trial court was authorized by statute to add this condition to the protective order, we resolve Steven's third issue against him. *See Vives*, 2014 WL 7498016, at *4.

### Alleged Violation of Section 85.007(a)

In his fourth issue, Steven contends the protective order exceeded the protection authorized by section 85.007 of the family code.[3] As relevant to this issue, the protective order prohibits Steven from:

> Going to or within 500 feet of the employment or business of **SHANNA NICOLE FLOYD** or a member of the family or household of **SHANNA NICOLE FLOYD**, to wit: Any confidential employment address in Dallas, TX AND ANY SUBSEQUENT ADDRESS THAT MAY BE TAKEN DURING THE PENDENCY OF THIS PROTECTIVE ORDER.

Steven argues the trial court erred by excluding the employment or business addresses of Shanna's family and members of her household from the protective order because section 85.007 does not apply to members of Shanna's family or household and "before such information can be kept confidential, there must be a request from the person protected by the order or a member of their family and/or household. Here, there was no such request."

To preserve a complaint for appellate review, the party must make a timely objection that states the specific grounds for the objection, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). Steven did not file a motion for new trial raising this complaint about the protective order. Further, without a reporter's record, we cannot determine if Steven

---

[3] As relevant to this appeal, section 85.007(a)(2) of the family code provides:

> On request by a person protected by an order or member of the family or household of a person protected by an order, the court may exclude from a protective order the address and telephone number of:
>
> ….
>
> (2) the place of employment or business of a person protected by the order.

TEX. FAM. CODE ANN. § 85.007(a)(2) (West 2014).

preserved this issue for our review by objecting during the hearing to the trial court's decision to exclude the employment and business addresses of Shanna's family and household members from the protective order. *See Bankas v. Bankas*, No. 05-15-00894-CV, 2016 WL 4119712, at *2 (Tex. App.—Dallas July 29, 2016, no pet. h.) (mem. op.) ("In addition, without a reporter's record, we cannot determine whether the trial court committed error or whether error was preserved."); *Watts v. Nathan*, No. 02-14-00406-CV, 2015 SL 5451179, at *1 n.5 (Tex. App.—Fort Worth Sept. 17, 2015, no pet.) (mem. op.). We conclude Steven failed to establish he preserved this issue for appellate review. Accordingly, we resolve his fourth issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150997F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN EUGENE FLOYD, Appellant

No. 05-15-00997-CV      V.

SHANNA NICOLE FLOYD, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. CV15-00307-V.
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Shanna Nicole Floyd recover her costs of this appeal from appellant Steven Eugene Floyd.

Judgment entered this 7th day of September, 2016.