**AFFIRMED; Opinion Filed July 6, 2018**.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00253-CV

## IN THE INTEREST OF B.J.W., A MINOR CHILD

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-22240**

# MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Evans

In this suit affecting the parent-child relationship, appellant, Linda Worrell, appeals from a judgment for attorney's fees awarded to the amicus attorney. Worrell contends that the evidence is insufficient to support the judgment because there was no proof offered of the reasonableness of the attorney's fees sought and recovered. Worrell also contends that the trial court erred in assessing the attorney's fees as child support and necessaries for the child. We affirm the trial court's judgment.

## BACKGROUND

Linda Worrell and Adam Ottembrajt are the parents of B.J.W, a minor child. In December 2010, Worrell and Ottembrajt were separated and Ottembrajt filed a petition in a suit affecting the parent-child relationship requesting the court to make orders for conservatorship and support of the child. In April 2011, the trial court entered temporary orders regarding support, possession and access to the minor child. In March 2012, a mediated settlement agreement was reached by

both parties and on June 1, 2012, a final order was entered by the trial court in regard to the support and possession and access to the child. In August 2013, both parties sought modification of the order. In November 2014, the trial court appointed Jean Lee, as an amicus attorney to assist the court in protecting the best interests of the child. On January 30, 2017, a mediated settlement agreement was reached with respect to the motion to modify. On that same date, the associate judge entered an order for attorney's fees for the amicus attorney. On February 9, 2017, a hearing was held on Ottembrajt's motion for entry of order in the suit to modify parent-child relationship. A final trial was held on February 20, 2017. A judgment for attorney's fees awarded to the amicus attorney in the amount of $27,396.50 was entered on February 20, 2017. The trial court ordered Worrell to satisfy the judgment by paying $250.00 per month, as child support and necessaries for the child. Worrell appeals from that judgment.

## ANALYSIS

In her first issue, Worrell contends that the evidence is insufficient to support the judgment for attorney's fees because the amicus attorney did not provide any evidence during the hearing held on February 9, 2017 as to the reasonableness of the fees.[1]

Section 106.002 of the family code invests a trial court with general discretion to award reasonable attorney's fees in all suits affecting the parent-child relationship, including modification suits. TEX. FAM. CODE ANN. § 106.002(a) (West 2014). In addition, section 107.023 provides for reasonable attorney's fees to be awarded to an attorney appointed as an amicus attorney. TEX. FAM. CODE ANN. § 107.023 (West 2014). We review the trial court's award of attorney's fees in a suit affecting the parent-child relationship for abuse of discretion. *In the Interest of R.H.W. III,* 542 S.W.3d 724, 743 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex. 1996).

---

[1] Ottembrajt has not filed a brief in this appeal.

The burden is on appellant to present a sufficient record to show error requiring reversal. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. Issues depending on the state of evidence cannot be reviewed without a complete record, including a reporter's record. *Palla v. Bio–One, Inc.,* 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.). Without a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion. *Wilms v. Americas Tire Co., Inc.,* 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). When an appellant fails to bring forth a reporter's record, we must presume the evidence presented was sufficient to support the trial court's order. *Id.* Further, if appellant has failed to bring forward a complete record, the points of error dependent on the state of the evidence will be deemed to have been waived. *Favaloro v. Comm'n for Lawyer Discipline,* 994 S.W.2d 815, 820 (Tex. App.—Dallas 2006, pet. struck).

Worrell has failed to meet her burden to present a sufficient record to show error requiring reversal. As Worrell acknowledges in her brief, the only issue to be resolved at the February 9 hearing regarding attorney's fees was how those fees were to be paid.[2] The record before this Court shows that the amount of the fees to be awarded had been determined by the associate judge at a hearing held on January 30.[3] The record does not include a reporter's record of the January

---

[2] At the beginning of the hearing, the trial judge stated that it was his understanding that "the associate judge has entered an order for attorney's fees for the amicus and the only remaining issue on that is how those are to be paid." Both the amicus attorney and Ottembrajt's attorney replied that the judge was correct. Worrell, who represented herself at the hearing, stated that she had filed objections to the motion for entry based on the fact that the order proposed by Ottembrajt "is not consistent with the MSA agreements, which was entered and proved up before this Court on January 30, 2017." During the February 20 hearing, it was established that the amicus attorney's fees were not addressed during mediation.

[3] Specifically, the record shows the following exchange between the amicus attorney, the parties, and the court after the amicus attorney objected to a question from Worrell regarding information contained in the invoices she had sent her:

> MS. LEE: I'm going to object as the amount is not in dispute, only the manner in which the amount is going to be paid. And I believe she's trying to backtrack and ask questions regarding the amount.

30 hearing.[4]  In her brief, Worrell states that the amicus attorney "falsely reported to the District Court that the Associate Court had made a ruling on outstanding fees and documentation was presented to support such fees," and that, "No records exist to share with the Appeals Court, as no hearing took place to substantiate fees and no records were submitted as evidence on this matter." However, the record of the proceedings held on February 9 clearly shows that a hearing was held on January 30 regarding the mediated settlement agreement and the amicus attorney's fees.  *See supra note 3.*  Worrell herself acknowledged such in her statement to the trial court regarding her objections to the motion for entry.  *See supra note 2.*  Where, as here, the issue on appeal necessarily involves consideration of portions of the proceedings omitted from the appellate

---

MS. WORRELL: Your Honor, I do object that there was never a settlement or any statement from Judge Garcia -- or excuse me, Judge Olvera, that we have reached an amount. I've been contesting that and requesting those fees of Ms. Lee inclusive of this last week and her staff.

THE COURT: Ms. Lee, when did Judge Olvera reach her ruling?

MR. AMBERSON: Your Honor, I believe it was on January the 30th. I'm sorry, you asked Ms. Lee, but I'll answer. I believe we came down on a hearing on Ms. Lee's motion for fees and payment of fees as well as another ancillary matter with regard to the father.

So I believe it was on January 30th of 2017 that Judge Olvera directed us, at that point to the following, as an officer of the Court I'll report back: Judge Olvera told us I've already ordered the fees to be paid. I have issued orders in this case which orders the mother to pay certain fees to Ms. Lee. She asked Ms. Lee, at that time, what is the amount that is owed to you by the mother. And Ms. Lee said well, do you want me to include the amounts that you've awarded as either sanctions and/or additional amounts for hearings that were caused by the mother's actions. And Judge Olvera said well, I think you're entitled to that. I've awarded those to you. Ms. Lee responded back saying I'm not including those at this point in time and the amount that is owed is $27,396.50.

Judge Olvera then told us with Mr. Aldinger present that look, that amount has been ordered to be paid. So it's only a question of how this is to be paid. And at that point I brought up a point to the Court of I believe the fees are necessaries for the benefit of the child and they should be ordered as necessaries.

And at that point Judge Olvera said I'll consider that, y'all step back and you need to go get the rest of this stuff worked out. I'll give you a little time to work that out.

At that point we stepped back and we ultimately came up with a Mediated Agreement which we entered with this Court sometime later that morning.

[4] To obtain a reporter's record, appellant must request in writing that the court reporter prepare it.  The request must designate exhibits and portions of the proceedings to be included, and a copy of the request must be filed with the trial court. TEX. R. APP. P. 34.6(b).  Although the docket sheet shows that a request for the clerk to prepare the record was filed, it does not show a request to the court reporter to prepare the reporter's record.

–4–

record, we must presume those omitted portions support the trial court's ruling. *See Wilms,* 190 S.W.3d at 803. By failing to provide an adequate appellate record, Worrell has waived our review of her complaint. *See Favaloro,* 994 S.W.2d at 820. Accordingly, we decide against Worrell on her first issue.

In her second issue, Worrell contends that the trial court erred in assessing the attorney's fees as child support and necessaries for the child. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection, or motion. TEX. R. APP. P. 33.1(1). The record in this case does not show an objection was made in the trial court respecting the characterization of attorney's fees as child support and necessaries. Accordingly, we conclude that Worrell's complaint in her second issue presents nothing for this Court to review. *See In re Marriage of Pyrtle*, 433 S.W.3d 152, 166 (Tex. App.—Dallas 2014, pet. denied) (error not preserved because party did not raise argument in trial court regarding characterization of attorney's fees as child support); *In re A.B.P.,* 291 S.W.3d 91, 99–100 (Tex. App.—Dallas 2009, no pet.) (same); *In re A.R.,* 236 S.W.3d 460, 473 (Tex. App.—Dallas 2007, no pet.) (same). We decide against Worrell on her second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

170253F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.J.W., A MINOR
CHILD

No. 05-17-00253-CV

On Appeal from the 303rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-10-22240.
Opinion delivered by Justice Evans,
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of July, 2018.